Nash, O. J.
 

 The secondary evidence was properly rejected by the court. "The evidence, to let it in, was not sufficient. The plaintiff claimed title as a purchaser, at the sale made by the sheriff of Moore county, under an execution against Neil McLeod, but was unable, or did not produce, what was considered the necessary evidence to authorise the sale of the premises in question.
 

 .The defendant claimed that he went into possession as the heir of Neil McLeod; the evidence showed he was illegitimate and could claim nothing as heir. On the part of the plaintiff it was alleged, that Neil McLeod did not die intestate, but that he left a will, which had been admitted to probate in the county court of Montgomery, and that by that will the premises were devised to the defendant, and that therefore he was estopped to deny the title of the testator. He then offered evidence to show that the records of Montgomery county
 
 *241
 
 bad been burnt, with the court house. It was further proved, that after the destruction of the records of Montgomery county, the will was in. the possession of the defendant, and it was ■alleged, that by it, the land in queston was devised to him. This secondary evidence was rejected by the court, and we entirely concur in the opinion.
 

 The will having been traced to the possession of the defendant; it was the duty of the plaintiff to have given him notice to produce it on the trial; without such notice, the secondary evidence was not admissible. The rule is well established .and of familiar use. Mr. Phillips, in his valuable treatise on evidence, vol. 1, page 409, says; in general, one party has not the means of compelling the other party to produce any writings in his possession, however necessary they may be for the prosecution of his suit; for no man, in a court of common law, can be compelled to furnish evidence to his adversary. To let in the secondary evidence, the opposite party in possession must be regularly notified to produce the original writing required. If he refuse to produce it, as he may, the .other party, who has done all in his power to supply the best evidence, will be allowed to go into evidence of an inferior kind, and may read an examined copy, or give parol evidence of its contents. This rule as to notice, does not apply to cases where the action is for the paper, or where the action itself is notice, except.cases provided for by our act, Eev. Stat. ch. 31, sec. 86. Here the action itself was not notice to the defendant to produce the will, and the secondary evidence was properly rejected.
 

 Pee Cukiam. Judgment affirmed.