SMATHERS v. BANK.

(Filed May 17, 1904).

1. BANKS AND BANKING—*Corporations—Stock—Stockholders—Parties—Receivers—Acts 1897, ch. 298—The Code, sec. 668.*

A receiver for an insolvent bank is the proper party to bring an action against the stockholders to enforce their double liability.

2. BANKS AND BANKING—*Corporations—Receivers—Creditors' Bill.*

The better practice to enforce the double liability imposed on bank stockholders is to obtain the desired relief in a creditors' bill, where such has been brought, instead of an independent action by the receiver.

3. PARTIES—*Banks and Banking—Stockholders—Pleadings.*

While there is no necessity for joining creditors of a bank as parties plaintiff in a suit brought by the receiver to enforce the stockholders' double liability, such joinder is not prejudicial to the defendant.

4. BANKS AND BANKING—*Creditors' Bill—Stockholders—Pleadings.*

In an action by the receiver to enforce the double liability imposed on bank stockholders, the complaint should state the time when the several defendants became stockholders and when the debts were contracted.

5. BANKS AND BANKING—*Corporations—Stockholders—Acts 1897, ch. 298—Acts 1891, ch. 155—Acts 1899, ch. 164.*

Acts 1897, ch. 298, imposing on stockholders in banks a double liability, does not fix such liability for debts contracted prior to the enactment of the statute, but does apply to stockholders of banks organized before the passage of the act.

ACTION by George H. Smathers and others against the Western Carolina Bank and others, heard by *Judge B. F. Long,* at March Term, 1904, of the Superior Court of BUNCOMBE County. From a judgment for the plaintiffs, the defendants appealed.

*Jones & Jones,* for the plaintiffs.

*Merrimon & Merrimon* and *Moore & Rollins,* for the defendants.

CONNOR, J.  This action, in the nature of a bill in equity, was brought by George H. Smathers, Receiver of the Western Carolina Bank, in which a number of creditors in behalf of themselves and all other creditors of said bank joined, against the bank and certain stockholders thereof for the purpose of enforcing the statutory liability imposed upon the stockholders for the indebtednes of the bank by chapter 298, Public Laws 1897.  The complaint sets forth the incorporation and organization of the bank, the names and number of shares held by each stockholder and date of becoming such stockholder, and the failure of the bank.  It further sets forth the institution in the Superior Court of an action by certain creditors, in the nature of a creditors' bill, and the appointment of the plaintiff as receiver.  The order of the Court is attached to and made a part of the complaint. It is in the usual form and contains the following provision: "It is further ordered that the said receivers take into their charge all the property and assets of the said defendant corporation, and that they shall proceed at once to the collection of all debts due to the said corporation defendant, and take all such necessary and legal steps for the purpose of such collection, hereby giving to the said receivers full power and authority, in their names as such, to institute and prosecute to final judgment all such suits and actions at law and equity as may be necessary for the purpose of reducing the choses in action and other evidences of debt into possession, and collecting the same," etc.  The original order appointed two receivers; one of them resigned, leaving said Smathers sole receiver.  Thereafter an order was made in said cause substituting W. W. Jones, Esq., receiver in place of said

Smathers. He was made party plaintiff, and an amended complaint was filed setting forth the order of substitution and adopting the original complaint. It is alleged that the total assets of the bank will not pay to exceed fifty per cent. of its indebtedness. The defendants demurred to the complaint and assigned as grounds of demurrer:

1. That the action should have been brought by the creditors of the bank in their own right; that the receiver has no cause of action, etc.

2. That the action should have been brought by the creditors against each individual stockholder.

3. That there is a misjoinder of plaintiffs and defendants.

4. That relief should have been sought in the original action.

5. That it does not appear upon the face of the complaint whether the defendants became stockholders before or after the passage of the Act of 1897, chapter 298, nor when the alleged debts were created or contracted.

6. That it does not appear that the assets of the bank have been exhausted, or that any liability has arisen against the defendants under said Act of 1897.

7. That the act is unconstitutional, for that it is *ex post facto* and retroactive, impairs the obligation of contracts, etc.

8. That no power is conferred upon the receiver to bring the action.

His Honor overruled the demurrer and allowed the defendants time to answer. Defendants appealed.

The Act of 1897, by which it is sought to attach the liability of the defendants, was ratified March 6, 1897. It provides that the stockholders of every bank or banking association, now operating by virtue of any charter or law of this State, or that may hereafter operate, "Shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts and agreements of such association to

the extent of the amounts of their stock therein, at the par value thereof, in addition to the amount invested in such shares." By section 2 any exemption from personal liability contained in any charter is repealed. The Code, section 668, provides that when any corporation is insolvent, the Judge of the Superior Court having jurisdiction, as fixed by The Code (chapter 10), may appoint a receiver to take charge of the estate and effects thereof and to prosecute all such actions, either in his own name or the name of the corporation, as may be necessary or proper, etc. Whatever may have been the law in respect to the right of the receiver to prosecute actions for the recovery of the assets, debts and property of the corporation prior to the change in our judicial system, blending the legal and equitable jurisdiction and power into one tribunal and form of action, it is well settled now, as said by *Burwell, J.,* in *Davis v. Mfg. Co.,* 114 N. C., 321, 23 L. R. A., 322: "In *Gray v. Lewis,* 94 N. C., 392, it was decided that as well because of the change in the system of our courts, as because of the statute, the receiver might sue either in his own name or that of the corporation. In whichever name he may elect to bring the action, it is essentially a suit by the corporation prosecuted by order of the Court for the collection of the assets. * * * In it may be adjudicated all the rights of the bank, its creditors and the defendant debtor, both legal and equitable, pertaining to the matters set out in the pleadings, and such judgment may be entered as will enforce the rights of the general creditors, and also protect any equities that the defendant may be entitled to," etc. The statute, The Code, section 668, expressly extends the life of the corporation for three years after dissolution for the purpose of winding up its affairs. The doctrine that the capital stock of a corporation constitutes a trust fund has been accepted and acted upon by this Court. *Foundry Co. v. Killian,* 99 N. C., 501, 6 Am. St. Rep., 539;

*Cotton Mills v. Cotton Mills,* 115 N. C., 475; *Bank v. Cotton Mills,* 115 N. C., 507.

"It is a favorite doctrine of the American courts that the capital stock and other property of a corporation are to be deemed a trust fund for the payment of the debts of the corporation," etc. 10 Cyc., 553. The same authorities conclusively settle the doctrine that unpaid subscriptions to stock constitute a part of the assets of the corporations, and are to be sued for and recovered in the same manner as other assets, certainly to the extent that they are necessary for the payment of its debts. Judge Thompson, in his very able and exhaustive article on "Corporations," 10 Cyc., says that the remedy for the recovery of such unpaid subscriptions is, in the absence of any statutory provision in equity, that when for any reason it becomes necessary to afford an effective remedy a court of equity will direct suit to be brought by the directors or by "its own proper officers." Pages 655-6. Does the liability of the stockholders imposed by the Act of 1897 come within the same principle as unpaid subscriptions? It certainly does in respect to the purpose for which it is imposed and to give the securities to creditors which it designs. It simply incorporates into the contract of subscription the additional obligation that, if necessary to pay the debts of the corporation, the subscriber will pay an amount in addition to his subscription equal to the par value of his stock. This obligation is to the corporation in trust for the security of its creditors. It is difficult to see in what respect it differs from the promise to pay the amount of his stock, so far as the right of the creditor is concerned, except in the order of liability. The corporation may not, as against creditors or other stockholders, relieve him from the obligation. *Marshall Foundry Co. v. Killian, supra.* The corporation, or those representing or succeeding to its rights and remedies, should collect all unpaid subscriptions

before resorting to the additional statutory liability, which is secondary to the right to demand payment of the subscription. The receiver represents and, in a certain sense, succeeds to the rights of the corporation. We can see no valid reason why he may not, representing the corporation and its creditors, bring any and all actions in respect to its assets, or rights of action, which it or its creditors could have brought The exact question raised by the demurrer is presented and decided in *Wilson v. Brook,* 13 Wash., 676. The constitutional provision in that State is the same as the Act of 1897. The opinion by *Hoyt, C. J.,* discusses and settles the question. We have no hesitation, after careful examination, in adopting his reasoning and conclusion. He says: "But if this fund is secondary, and for the benefit of all the creditors of the corporation, it can be reached only by a proceeding in equity for the benefit of such creditors, and since, under our statute, the receiver of an insolvent corporation represents its creditors as well as the corporation itself, and can reach all the assets of the corporation for the purpose of satisfying the claims of creditors, there is no reason why the additional liability of stockholders should not, under the direction of the Court, be enforced by such receiver for the benefit of such creditors, and the expense and annoyance incident to the prosecution of another action be voided. All the other property of an insolvent corporation is a trust fund for the same purpose, and there is no reason why trust funds for a single purpose, though derived from different sources, should not be collected and administered in the same proceeding. * * The receiver when appointed takes possession of all the property of the corporation for the benefit of all its creditors; and it should be held that he has the right, under the direction of the Court, to enforce every liability, of whatever nature, which the Court may find it necessary, to fully protect the rights of creditors. In this way all creditors

share alike, and the entire affairs of the corporation, including the adjustment of the liabilities of its stockholders, will be subject to the control of the Court in a single action, and unnecessary delay and expense prevented." The case was approved in *Watterson v. Masterson,* 15 Wash., 511, in which it was held that after the appointment of a receiver of an insolvent corporation an action could not be maintained by creditors to enforce the statutory liability of the stockholders. While there is some divergence of opinion in the different courts in respect to the right of creditors to maintain separate actions upon the statutory liability, we are of the opinion that it is more consonant with principle and convenience of procedure to recognize the right of the receiver to bring the suit, wherein all parties in interest are represented and complete relief afforded. This view disposes of the first and second grounds of demurrer. In respect to the third ground of demurrer, while we see no necessity for joining the creditors as parties plaintiff, no harm can come to the defendants therefrom.

The fourth ground of demurrer is based upon the suggestion that relief should have been sought in the original action, or creditors' bill. There is much force in the contention, and we can see no good reason why, upon motion, the cause should not be consolidated with the original action. In winding up the affairs of an insolvent corporation it is best that, as nearly as may be, the Court having original jurisdiction bring all parties interested in the final decree before it, and to the end that their rights and equities be adjusted and administered. The usual and better practice is to have an assessment upon the stockholders made by the Court upon an ascertainment from the report of the receiver, and notice issued to each stockholder to show cause why such assessment should not be enforced. The Act of 1891, chapter 155, in regard to winding up the affairs of insolvent

SMATHERS *v.* BANK.

banks, as amended by the Laws of 1899, chapter 164, trans-
ferring to the Corporation Commission the power and duties
conferred upon the Treasurer, contemplates this procedure.
While, as we have seen, the receiver may recover the amount
due from the stockholder, he should be permitted to do so
only upon its appearing that there is a deficit in the other
assets of the bank, and he should recover only such amount as
may be necessary to cover such deficit. It is within the power
of the Court to make such assessment. *Langston v. Upton,* 91
U. S., 56; *Hawkins v. Glenn,* 131 N. C., 319. It may be
that it would be wise to confer upon the Corporation Com-
mission having charge of the management of banks the power
to make such assessments after the manner provided in the
National Banking Act by which the Comptroller does so.
The plaintiff will probably encounter practical difficulties in
working out a final judgment in this case—many of which
would be avoided if the action is consolidated with the origi-
nal action, wherein he may make his report to the Court
showing the amount necessary to collect from the stockhold-
ers, and have an assessment based thereupon. *Von Glahn v.
Harris,* 73 N. C., 323. The fifth ground of demurrer should
be sustained. The complaint should be so amended that the
defendants will be advised in respect to the time when the
several defendants became stockholders, if the list attached
to the complaint does not do so, and the dates when the
debts were contracted. The sixth ground of demurrer can-
not be sustained. The Act of 1897 expressly fixes the lia-
bilty unless, for the reasons hereinafter stated, the name of
the defendants come within the provisions of the statute.
The sixth ground is based upon the theory that no action
against the stockholders can be maintained until the assets
are "completely exhausted." This cannot be sustained.
Whenever it appears that the assets will be insufficient, we
see no reason why the receiver may not proceed to enforce
135——27

the liability. The extent of it cannot be absolutely fixed until the status of the assets and debts has been ascertained.

The seventh ground of demurrer presents the question, for the first time in this Court, whether, under the power reserved by Article VIII, section 1, of the Constitution to amend or repeal charters, the stockholder can be made individually liable for the debts of a corporation by an amendment to the charter, or a general statute, passed subsequent to the charter and subscription to the stock. This is a question of very great importance to the holders of stock in banking and other business corporations in this State. The facts stated in the complaint in respect to the status of the defendant stockholders and date of the contraction of the debts are so meager that we prefer to decide the question only to the extent clearly presented. While the Legislature has not seen fit to attach such personal liability to stockholders in other than banking corporations, the power conferred by the Constitution is not confined to them. It is well settled that statutes attaching such liability are in derogation of the common law and should be strictly construed. 10 Cyc., 665, citing *Gray v. Coffin,* 9 Cush., 192; *Brunswick Ter. Co. v. Bank,* 192 U. S., 386. We hold that the statute should not be so construed as to fix such liability upon stockholders for debts or contracts contracted or made prior to the amendment of the charter, or the statute. The subscription of stockholders constitutes the contract, and the extent of the liability as to debts already incurred is fixed by the terms of the charter as they then exist. Any change in the charter in this respect must be construed to operate prospectively only. It is well settled that such liability as the stockholder assumes is contractual. *Whitman v. Bank,* 176 U. S., 559. Thus construed, we find no constitutional objection to the Act of 1897. His Honor's ruling upon the demurrer, as modified and limited herein, is

Affirmed.