## ANDREWS, ADMINISTRATRIX OF ANDREWS, *v.* VIRGINIAN RAILWAY COMPANY.

### ERROR TO THE ROANOKE COUNTY CIRCUIT COURT, STATE OF VIRGINIA.

No. 82. Argued December 16, 17, 1918.—Decided January 7, 1919.

A judgment of the Circuit Court of Virginia is not final for the purpose of review in this court while reviewable at discretion by the Court of Appeals of the State.

Therefore, a case by its nature reviewable here only by certiorari under the Act of September 6, 1916, c. 448, 39 Stat. 726, in which the Virginia Court of Appeals did not finally deny a writ of error

until November 13, 1916, cannot be brought here by writ of error, although the judgment of the Circuit Court preceded the act and the act excepts judgments rendered before it became operative, *i. e.*, 30 days from its date.

Writ of error dismissed.

To recover for the wrongful death of Andrews, a locomotive engineer in the employ of the defendant in error, the plaintiff in error, the representative of his estate, commenced this suit in April, 1914. Both the Employers' Liability Act and the act of Congress providing for the inspection of boilers of locomotives were alleged. Act of April 22, 1908, c. 149, 35 Stat. 65; Act of February 17, 1911, c. 103, 36 Stat. 913. On October 12, 1914, there was a judgment on a verdict in favor of the plaintiff. A writ of error having been allowed by the Court of Appeals of Virginia, the judgment was, on January 13, 1916, reversed and the case remanded for a new trial. *Virginian Ry. Co.* v. *Andrews' Admx.*, 118 Virginia, 482. The Circuit Court of Montgomery County, in which the case was tried, thereupon, by consent of the parties, transmitted it for trial to the Circuit Court of Roanoke County, in which court, on the 16th day of June, 1916, there was judgment in favor of the defendant. Thereupon a petition for writ of error to review this judgment was separately and out of term presented to the judges of the Court of Appeals and was denied, and on the opening of the term was, in accordance with the Virginia law, presented to the court, and was there finally denied on November 13, 1916. Then, on the 27th of November, 1916, a petition was presented to the presiding judge of the Circuit Court of Roanoke County for the allowance of a writ of error from this court, to review the judgment of that court of June 16, 1916, which was allowed, resulting in the case which is before us.

*Mr. A. P. Staples* and *Mr. A. B. Hunt* for plaintiff in error.

*Mr. H. T. Hall* and *Mr. G. A. Wingfield*, with whom *Mr. E. W. Knight* and *Mr. W. H. T. Loyall* were on the brief, for defendant in error.

MR. CHIEF JUSTICE WHITE, after making the foregoing statement of the case, delivered the opinion of the court.

At the threshold, there arises a question of our jurisdiction which we may not overlook and which we must therefore decide. The question is, has this court power by writ of error to review the judgment below; or, in other words, is the authority of the court to review that judgment confined by the Act of September 6, 1916, c. 448, 39 Stat. 726, to the right to do so by certiorari in the mode and time provided by that act? Considering the subject only from the character of the controversy, it is indisputable that the case comes within the generic class as to which the power to review by writ of error was taken away by the Act of 1916 and the authority to certiorari substituted. It results that, unless the judgment in question comes under some limitation or exception provided by the statute to the general rule which it establishes, we have no jurisdiction.

There is no room for such exception unless it results from the provision in the statute taking out of the reach of its terms judgments rendered before it became operative. The act was approved on September 6, 1916, and was made operative thirty days thereafter. In form, the judgment to which the writ of error was addressed was rendered on June 16, 1916, before the operation of the statute, and was therefore outside of its provisions. But the question remains, Was the judgment a final judgment at the date named, or did it become so only by the exercise by the Court of Appeals of its power as manifested by its declining to take jurisdiction on November 13, 1916,

after the passage of the act. Undoubtedly, before the action of the Court of Appeals, the judgment was not final and was susceptible of being reviewed and reversed by that court. Undoubtedly, also, until the Court of Appeals acted, the trial court was not the court of last resort of the State whose action could be here reviewed. The contention, therefore, that the judgment of the trial court was a final judgment susceptible of being here reviewed by writ of error must rest upon the impossible assumption that the finality of that judgment existed before the happening of the cause by which alone finality could be attributed to it.

It is true that under the law of Virginia, in a case like this the power of the Court of Appeals to review the judgment of the trial court was gracious or discretionary, and not imperative or obligatory; but the existence of the power, and not the considerations moving to its exercise, is the criterion by which to determine whether the judgment of the trial court was final at the time of its apparent date, or became so only from the date of the happening of the condition—the action of the Court of Appeals—which gave to that judgment its only possible character of finality for the purpose of review in this court. Nor is the result thus stated a technical one, since it rests upon the broadest considerations inhering in the very nature of our constitutional system of government, and material, therefore, to the exercise by this court of its rightful authority. That this is true, would seem to be demonstrated by considering that if it were not so a judgment of a state court susceptible of being reviewed by this court would, notwithstanding that duty, be open at the same time to the power of a state court to review and reverse, thus, in substance, depriving each court of its power and begetting the possibility of conflict and confusion.

From this it follows that the judgment to which the writ of error was addressed was in substance a judgment

rendered after the going into effect of the Act of 1916, and was only reviewable by certiorari, as provided in that act. The writ of error, therefore, must be and it is

*Dismissed for want of jurisdiction.*