S. W. WORTHINGTON AND KIRBY WOODARD, SUCCESSORS TO THE QUINN-McGOWAN FURNITURE COMPANY, v. GILMERS, INCORPORATED.

(Filed 16 September, 1925.)

**Actions—Parties—Corporations—Receivers.**

> Where it appears in an action that the indebtedness sought to be recovered was claimed to be due a corporation, and that the suit was instituted by the individual stockholders, a judgment as of nonsuit is properly entered, though proceedings in dissolution of the corporation were being had, C. S., 1182, the proper party plaintiff being the corporation or a receiver appointed therefor.

APPEAL by plaintiffs from *Sinclair, J.,* at May Term, 1925, of WILSON.

Plaintiffs sued the defendant for certain moneys collected from common carriers on claims filed by the Quinn-McGowan Furniture Company, a corporation. From a judgment as upon nonsuit, plaintiffs appealed.

The evidence tended to show that plaintiffs are the owners of all the capital stock of Quinn-McGowan Furniture Company, a corporation, and that proceedings were had on or about 20 September, 1920, to dissolve this corporation under C. S., 1182.

This action was instituted 21 June, 1923.

That certain properties were sold by Quinn-McGowan Furniture Company to the defendant, as evidenced by bill of sale dated 2 August, 1920, and that these claims against two railroads for damages to furniture were not included in this sale, but that defendant did, after 2 August, 1920, and before 21 June, 1923, collect these claims in the sum of $1,885.62.

The plaintiffs' evidence further tended to show that these claims were due to the Quinn-McGowan Furniture Company.

To the exclusion of the evidence of the witness Meares, that the account receivable, as shown on the current ledger, and the sale to Gilmers, did not include any item of freight claims, on the grounds that the bill of sale and books therein referred to were the best evidence, and to the nonsuit, plaintiffs excepted and appealed.

*S. G. Mewborn for plaintiffs.*
*Woodard & Rand and Connor & Hill for defendant.*

PER CURIAM. There was no notice given to produce the books, and their loss was not proved. They were not collateral, but are clearly within the rule announced in *Ivey v. Cotton Mills,* 143 N. C., 189; *Murchison v. McLeod,* 47 N. C., 239; *Mahoney v. Osborne,* 189 N. C., 445.

The freight claims were filed by the Quinn-McGowan Furniture Company, a corporation, in its name, and not in the names of its stockholders. There is no claim that the corporation ever transferred them to the plaintiffs. The corporation, after the dissolution proceedings, remained in existence three years. C. S., 1193.

The stockholders cannot maintain this action in their individual capacity upon the allegations in this complaint. We view the evidence in its most favorable light for plaintiffs on a motion to nonsuit, but this rule cannot supply the proper plaintiff.

The corporation itself, or a receiver thereof, is the proper party to sue for its property. *Moore v. Mining Co.,* 104 N. C., 534; *Merrimon v. Paving Co.,* 142 N. C., 539; *Hawes v. Oakland,* 104 U. S., 450.

The judgment appealed from is
Affirmed.