**BURNET, Commissioner of Internal Revenue,**
**v. LEXINGTON ICE & COAL CO.**

### No. 3391.

Circuit Court of Appeals, Fourth Circuit.

Jan. 10, 1933.

Francis H. Horan, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Byron M. Coon, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for petitioner.

E. S. Parker, Jr., of Greensboro, N. C., for respondent.

Before NORTHCOTT and SOPER, Circuit Judges, and CHESNUT, District Judge.

NORTHCOTT, Circuit Judge.

This is a petition to review a decision of the United States Board of Tax Appeals, which decision is reported in 23 B. T. A. 463.

Petition for review was taken from a decision of the Board of Tax Appeals entered on May 29, 1931. A motion to vacate that decision was denied by the Board of Tax Appeals on December 1, 1931. The case is brought to this court by petition for review filed May 27, 1932, pursuant to the provisions of sections 1001–1003 of the Revenue Act of 1926, c. 27, 44 Stat. 9, 109, 110 (26 USCA §§ 1225, 1226, and § 1224 and note).

On November 6, 1926, respondent corporation had six stockholders, of whom five constituted its board of directors. T. S. Eanes was the principal stockholder, and owned 122 shares out of a total of 165 shares. Eanes was secretary and treasurer, and was in the active management and control of the corporation's property.

On November 6, 1926, all of the stockholders met and adopted the following resolution: "Resolved, that the Board of Directors be instructed to take such action as in their opinion will be to the best interests of the stockholders, looking to the liquidation of this corporation."

Thereafter, on the same day, the board of directors met and adopted a resolution in the following terms:

"Resolved, that the Lexington Ice & Coal Co. cease operations as a corporation on December 14, 1926, and that Mr. T. S. Eanes is hereby appointed as agent for the stockholders to receive all assets in kind from said corporation, and that he is hereby instructed to make such disposition of the said assets as he may see fit. That the officers of the corporation are hereby instructed to make deed to the real estate either to T. S. Eanes, Agent

for the stockholders or direct to any party named by the said Mr. Eanes.

"Liquidation dividends shall be paid by Mr. Eanes, as funds become available, to the stockholders of record at date of dissolution according to their various holdings."

After the adoption of the resolutions of November 6, 1926, there was no other meeting of either the stockholders or the board of directors.

On November 16, 1926, Eanes (signing in his individual capacity) entered into a contract with Southeastern Ice Utilities Corporation (hereinafter called the Utilities Corporation) to sell to it certain property, which, with minor exceptions, embraced all of the assets of the respondent.

On December 11, 1926, Eanes, signing "T. S. Eanes, Trustee," delivered to the Utilities Corporation a bill of sale to the property described in the contract of November 16, 1926. On the same day a deed for the real estate of the taxpayer was executed by the taxpayer corporation by A. N. Neese as president, and T. S. Eanes as secretary, and a bill of sale of the property mentioned in the contract of November 16, 1926, and in the bill of sale executed by Eanes on that day, was executed in the name of the taxpayer by Neese as president, and Eanes as secretary.

Payment for the property so conveyed to the Utilities Corporation, in the amount of $38,500, was made in 1926 by check payable in the name of the taxpayer corporation and deposited in its name. Such amount was paid out by checks in the corporation's name; first to creditors, and then ratably to the stockholders.

The corporation was finally dissolved in May, 1927.

The Commissioner of Internal Revenue determined that the taxpayer had sold its property and realized a profit thereon, and assessed a deficiency in the amount of $2,796.65. The Board of Tax Appeals held that the assets of the respondent were transferred to Eanes before the sale was made to the Utilities Corporation, and entered its order of no deficiency.

Thereafter a motion to vacate that decision was made on the ground that the Board in the meanwhile had declared that it had wrongly decided this case. That motion was denied.

■ The first question presented is as to the jurisdiction of this court to hear the appeal; it being urged on behalf of the respondent that the petition for review was filed too late and was not filed in accordance with section 1001 (a) of the Revenue Act of 1926 (26 USCA § 1224 (a). This section reads as follows: "(a) The decision of the board rendered after February 26, 1926 [the enactment of this act] (except as provided in subdivision (j) of section 1064 [283] and in subdivision (h) of section 1118 [318] of this title), may be reviewed by a Circuit Court of Appeals, or the Court of Appeals of the District of Columbia, as hereinafter provided, if a petition for such review is filed by either the commissioner or the taxpayer within six months after the decision is rendered."

The exceptions referred to in the section above quoted have no bearing upon the questions now being discussed.

Section 601 of the Revenue Act of 1928 (26 USCA § 1217 (d) provides: "(d) A decision of the Board (except a decision dismissing a proceeding for lack of jurisdiction) shall be held to be rendered upon the date that an order specifying the amount of the deficiency is entered in the records of the Board. If the Board dismisses a proceeding for reasons other than lack of jurisdiction and is unable from the record to determine the amount of the deficiency determined by the Commissioner, or if the Board dismisses a proceeding for lack of jurisdiction, an order to that effect shall be entered in the records of the Board, and the decision of the Board shall be held to be rendered upon the date of such entry."

We are of the opinion that the petition was filed in time. A similar question was before the Circuit Court of Appeals for the Seventh Circuit, Griffiths v. Commissioner, 50 F.(2d) 782, 784, and, in considering it, the court said:

"Respondent has filed a motion to dismiss the appeal on the ground that the petition for review of the Board's order of redetermination was received and lodged with the Board on September 30, 1929, which was one day after the expiration of six months from the date of the order of redetermination, and hence was beyond the time granted by statute in which a petition for review may be filed. Sections 1001, 1005 (a), Revenue Act of 1926, c. 27, 44 Stat. 9 (26 USCA §§ 1224, 1228 (a).

"It is petitioner's contention, however, that since his petition for a rehearing filed on July 8, 1929, was not denied until September 20, 1929, his time for filing a petition for review was thereby extended for six months from the last-named date. It is conceded by respondent that in the federal courts the filing of a motion to reopen or vacate a judgment or

decision stops the running of the time for appeal, and that it begins to run anew from the time the motion is disposed of. Morse v. United States, 270 U. S. 151, 46 S. Ct. 241, 70 L. Ed. 518. Respondent insists, however, that this well-established practice is not sufficient to override the plain words of the statutes, which provide that the appeal must be taken within six months after the decision is rendered, and that the decision shall become final upon the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time.

"With respondent's contention we are unable to agree, and we see no reason why the general and uniform rule should not be applied to these statutes in the same manner as applied to other similar statutes. In Morse v. United States, supra, the statute under discussion provides that all appeals from the Court of Claims shall be taken within ninety days after judgment is rendered; and if a motion for a new trial or a petition for a rehearing was duly and seasonably filed it suspends the running of the statute, and the time within which the proceeding must be initiated begins from the date of the denial of either the motion or petition."

And in the Morse Case, above referred to, Chief Justice Taft said: "There is no doubt under the decisions and practice in this court that where a motion for a new trial in a court of law, or a petition for a rehearing in a court of equity, is duly and seasonably filed, it suspends the running of the time for taking a writ of error or an appeal, and that the time within which the proceeding to review must be initiated begins from the date of the denial of either the motion or petition. Brockett v. Brockett, 2 How. 238, 241, 11 L. Ed. 251; Washington, G. & A. Railroad Co. v. Bradley, 7 Wall. 575, 578, 19 L. Ed. 274; Memphis v. Brown, 94 U. S. 715, 718, 24 L. Ed. 244; Texas Pacific Railway v. Murphy, 111 U. S. 488, 489, 4 S. Ct. 497, 28 L. Ed. 492; Aspen Mining & Smelting Co. v. Billings, 150 U. S. 31, 36, 14 S. Ct. 4, 37 L. Ed. 986; Kingman v. Western Manufacturing Co., 170 U. S. 675, 678, 18 S. Ct. 786, 42 L. Ed. 1192; United States v. Ellicott, 223 U. S. 524, 539, 32 S. Ct. 334, 56 L. Ed. 535; Andrews v. Virginian Railway, 248 U. S. 272, 39 S. Ct. 101, 63 L. Ed. 236; Chicago Great Western Railway v. Basham, 249 U. S. 164, 167, 39 S. Ct. 213, 63 L. Ed. 534. The suspension of the running of the period limited for the allowance of an appeal, after a judgment has been entered, depends upon the due and seasonable filing of the motion for a new trial or the petition for rehearing. In this case after the first motion for a new trial had been overruled, on May 4, 1924, no motion for a new trial could be duly and seasonably filed under rule 90 of the Court of Claims, except upon leave of the Court of Claims. This leave, though applied for twice, was not granted. Applications for leave did not suspend the running of the 90 days after the denial of the motion for a new trial within which the application for appeal must have been made. For that reason, the motion of the government to dismiss the appeal as not in time, and so for lack of jurisdiction, must be granted."

Although the Supreme Court has indicated that the Board of Tax Appeals is not a court (Old Colony Trust Co. v. Commissioner, 279 U. S. 716, 49 S. Ct. 499, 73 L. Ed. 918), its work is of a judicial character (Blair v. Oesterlein Machine Co., 275 U. S. 220, 48 S. Ct. 87, 72 L. Ed. 249), and we are of the opinion that the rule governing appeals from courts should prevail as to appeals from the decision of the Board.

"It is familiar law that a decision is not final, within the meaning of the statute providing for an appeal, until disposition of an application for rehearing or reconsideration seasonably made and entertained. [Citing cases.]" United States ex rel. Dascomb v. Board of Tax Appeals, 56 App. D. C. 392, 16 F.(2d) 337, 339.

The delay on the part of the petitioner in presenting the motion to vacate the opinion and decision is accounted for by the fact that on November 5, 1931, the Board of Tax Appeals handed down an opinion expressly repudiating its decision in the present case. Hellebush et al., Trustees v. Commissioner, 24 B. T. A. 660. In the Hellebush Case the Board said: "We are aware that the decision we have reached in this proceeding appears to be in conflict with our decision in Lexington Ice & Coal Co., 23 B. T. A. 463. We think our decision in that case was wrong and should not be followed in the future."

After this the respondent below filed its motion to vacate. This was done twenty-three days after the decision of the Board in the Hellebush Case, and was reasonably prompt.

The Board of Tax Appeals has apparently not adopted rules specifically dealing with rehearings or motions to vacate (although it is apparent to us that it should do so), but such petitions and motions are often filed with the Board and are received and acted upon just as in this case. In the absence of a

rule we are of the opinion that the motion to vacate was filed in time, and that its filing prevented the decision of the Board from becoming final until the motion to vacate was passed upon. Were this not the proper rule, it is conceivable that a petition for a rehearing or a motion to vacate might be pending before the Board of Tax Appeals when the petition for review would have been already filed in a higher court; a situation not consistent with the usual rule governing procedure of appeals.

The sole question presented upon the merits is whether the sale of the assets of the respondent company was made by the company or whether the resolutions of the stockholders and of the board of directors constituted such a transfer of the assets so that the sale was made by Eanes instead of the company.

■ Under the law of North Carolina, a corporation continues for three years to be a body corporate for the purpose of disposing of its property and dividing its assets. Section 1193, Code of North Carolina 1931. This statute is applicable to any corporation. Worthington v. Gilmers, 190 N. C. 128, 129, 129 S. E. 153; Smathers v. Western Carolina Bank, 135 N. C. 410, 413, 47 S. E. 893; General Electric Co. v. West Asheville Imp. Co. (C. C.) 73 F. 386.

Article 548 of Treasury Regulations 69, provides: "When a corporation is dissolved its affairs are usually wound up by a receiver or trustees in dissolution. The corporate existence is continued for the purpose of liquidating the assets and paying the debts, and such receiver or trustees stand in the stead of the corporation for such purposes. * * * Any sales of property by them are to be treated as if made by the corporation for the purpose of ascertaining the gain or loss. No gain or loss is realized by a corporation from the mere distribution of its assets in kind upon dissolution, however they may have appreciated or depreciated in value since their acquisition. * * * "

■ Regulations of this character when reasonable should be given effect. Universal Battery Co. v. United States, 281 U. S. 580, 50 S. Ct. 422, 74 L. Ed. 1051.

As recited above, the Board of Tax Appeals in the case of Hellebush et al., Trustees v. Commissioner, supra, has reversed this decision in the instant case and decided that a sale made under similar circumstances was a sale by the company. A similar question was before the Circuit Court of Appeals of the Fifth Circuit in Taylor Oil & Gas Co. v. Burnet, Commissioner, 47 F.(2d) 108, 109 (certiorari denied, 283 U. S. 862, 51 S. Ct. 655, 75 L. Ed. 1467), where the court said: "Conceding for the purpose of argument that the legal title to the property vested in the trustees by the dissolution, no part of the title passed to the stockholders thereby. The real owner was still the company until such time as its affairs were liquidated, the debts paid, and the residue distributed to the stockholders. The profit on the transaction was earned by the corporation, and the assessment of the taxes based thereon was valid."

■ We agree with the conclusion reached in the Taylor Oil & Gas Company Case and by the Board of Tax Appeals in its more recent decisions that the sale was a sale by the taxpayer company and the profits were properly taxable.

■ It is contended on behalf of the taxpayer that the conclusion reached by the Board of Tax Appeals in the present case is a finding of fact not to be disturbed when supported by testimony; but here the facts are all admitted and in no sense disputed, and the conclusion of the Board is a conclusion of law properly reviewable by us.

The petition to review was filed seasonably, and the decision of the Board of Tax Appeals is reversed.