## CITIZENS BANK OF MICHIGAN CITY, INDIANA, *v.* OPPERMAN.

### ERROR TO THE SUPREME COURT OF THE STATE OF INDIANA.

No. 234. Argued March 17, 1919.—Decided April 14, 1919.

When a petition for rehearing is entertained in the state court, the judgment does not become final for the purposes of review here until the petition has been denied or otherwise disposed of, and the three months' limitation prescribed by the Act of September 6, 1916, begins to run from that time. P. 450.

Under the Act of 1916, the review of judgments of state courts by writ of error is limited to cases in which was really drawn in question the validity of a treaty or statute of or an authority exercised under the United States; or the validity of a statute of, or an authority exercised under, a State, on the ground of their being repugnant to the Constitution, treaties or laws of the United States. *Id.*

Writ of error to review 115 N. E. Rep. 55, dismissed.

THE case is stated in the opinion.

*Mr. Jeremiah B. Collins,* with whom *Mr. Worth W. Pepple* was on the brief, for plaintiff in error.

*Mr. S. J. Crumpacker,* with whom *Mr. Samuel Parker, Mr. Frank E. Osborn, Mr. Lee L. Osburn and Mr. Will C. Crabill* were on the brief, for defendant in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

Section 7855, Burns' Anno. Indiana Statutes, 1914, provides: "A married woman shall not enter into any contract of suretyship, whether as indorser, guarantor, or in any other manner; and such contract, as to her, shall be void." Relying upon this, defendant in error sued to recover a certificate of National Bank stock issued in her name and held by plaintiff in error bank as security for her husband's indebtedness. The bank defended upon the theory that exercising rights given by § 12 of the National Bank Act (13 Stat. 102; Rev. Stats., § 5139) she transferred the stock to her husband and in turn he had hypothecated it to secure his personal note. Being of the opinion that the National Bank Act did not inhibit an inquiry concerning all the circumstances the trial court permitted introduction of proof to that end; the jury found the bank had knowledge of facts sufficient to charge it with notice that the transaction amounted to a contract of suretyship by the wife; and judgment in her favor was affirmed by the State Supreme Court. A petition to rehear was overruled May 18, 1917, and at that time the judgment below became final for purposes of review here. *Andrews* v. *Virginian Ry. Co.*, 248 U. S. 272; *Chicago Great Western R. R. Co.* v. *Basham, ante*, 164. This writ of error was applied for July 13, 1917— within three months.

The Act of September 6, 1916, c. 448, 39 Stat. 726, 727, 728, limited our power to review judgments or decrees in state courts which became final subsequent to date when it went into effect (October 6, 1916), upon writs of error, to those cases "where is drawn in question the validity of a treaty or statute of, or an authority exercised under the United States, and the decision is against their validity; or where is drawn in question the

validity of a statute of, or an authority exercised under
any State, on the ground of their being repugnant to the
Constitution, treaties, or laws of the United States, and
the decision is in favor of their validity." It also author-
ized this court to bring up for review and determination
by certiorari "any cause wherein a final judgment or
decree has been rendered or passed by the highest court
of a State in which a decision could be had, where is
drawn in question the validity of a treaty or statute of,
or an authority exercised under the United States, and
the decision is in favor of their validity; or where is
drawn in question the validity of a statute of, or an
authority exercised under any State, on the ground of
their being repugnant to the Constitution, treaties, or
laws of the United States, and the decision is against
their validity." And it further distinctly directed that
except as to writs of certiorari addressed to the Supreme
Court of the Philippine Islands "no writ of error, appeal,
or writ of certiorari intended to bring up any cause for
review by the Supreme Court shall be allowed or enter-
tained unless duly applied for within three months after
entry of the judgment or decree complained of." Where
a petition for rehearing is entertained the judgment does
not become final for purposes of our review until such
petition has been denied or otherwise disposed of and the
three months' limitation begins to run from date of such
denial or other disposition.

Plaintiff in error presented its petition here for a writ
of certiorari to bring up the present cause April 15, 1918;
this was denied April 22, 1918. Manifestly, the applica-
tion was not within the prescribed time.

An examination of the record shows that in the courts
below there was not really drawn in question (*Wilson* v.
*North Carolina*, 169 U. S. 586, 595) "the validity of a
treaty or statute of, or an authority exercised under the
United States" or "the validity of a statute of, or an

authority exercised under any State, on the ground of their being repugnant to the Constitution, treaties, or laws of the United States." Consequently, we are without jurisdiction to entertain the writ of error and it must be

*Dismissed.*