Rosa Pérez Casalduc et al., Plaintiffs and Appellees, *v.* Manuel Díaz Mediavilla et al., Defendants and Appellants.

No. 4621. Argued May 4, 1931.—Decided May 29, 1931.

*Francisco Parra Capó* and *López de Tord & Zayas Pizarro* for the Díaz spouses, appellants. *José R. Aponte* for the Federal Land Bank of Baltimore, appellant. *E. Pérez Casalduc, in pro. per.,* appellee. *M. García Méndez* for the other appellees.

Mr. Justice Wolf delivered the opinion of the Court.

On July 18, 1930, this Court affirmed a judgment rendered by the District Court of Arecibo in the above entitled case. On the 24th of July the defendant-appellants asked for an extension of time to file a motion for reconsideration. Consequently, the mandate was stayed in this Court. On the 9th of August, 1930, a motion for reconsideration was filed. There was a petition for amendment of the said motion and

the amended motion for reconsideration was filed apparently about the 12th of August. On the 5th of September, 1930, the defendant-appellants appealed to the United States Circuit Court of Appeals for the First Circuit, and the appeal was allowed. On the 29th of October, 1930, the defendant-appellants made another petition to amend their motion for reconsideration and about the 28th of October, 1930, the amended motion was filed. On the 20th of January, 1931, the motion for reconsideration was overruled. On the 17th of April, 1931, the defendant-appellants filed a new petition for appeal. On the 21st of April, 1931, the plaintiff-appellees presented an opposition to the allowance of the appeal, the petition for which had been filed on April 17, 1931.

The theory of the opposition to the allowance of the appeal was that the appellants had a right only to a single appeal and where jurisdiction had attached in the Circuit Court of Appeals, no further appeal could be allowed.

On November 26, 1930 the Circuit Court of Appeals had before it the case of *Sauri* v. *Sauri et al.,* 45 F. (2d) 90. The Court held that a motion for reconsideration in this Court suspended the time for appealing. The Court cited from *Citizens' Bank* v. *Opperman,* 249 U. S. 448, to the effect that until a motion for reconsideration was disposed of a judgment could not be considered as final. It follows necessarily that the time for appealing only begins to run from the moment of the disposition of a motion for reconsideration.

Perhaps a doubt might arise that by appealing a party abandons his motion for reconsideration. The authorities cited decide otherwise, but in the instant case the doubt is dissipated by the actual facts that took place. The defendant-appellants, as the recited facts show, insisted upon their motion for reconsideration. That the appeal did not suspend the right of this Court to consider the motion for reconsideration was the opinion of this Court in deciding the motion for reconsideration. 41 P.R.R. 730.

The appeal will be granted.