MITCHELL, Insurance Com'r of California, v. MAURER et al.

No. 7262.

Circuit Court of Appeals, Ninth Circuit.

Oct. 23, 1933.

E. Forrest Mitchell, Insurance Com'r of Cal., and Frank L. Guerena, both of San Francisco, Cal., for appellant.

Ben S. Beery, E. D. Lyman, P. B. Plumb, and C. L. McGaughey, all of Los Angeles, Cal., for appellees.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

SAWTELLE, Circuit Judge.

On April 20, 1933, there was filed in the court below a petition for the appointment of ancillary receivers for the appellee corporation, and an ex parte order on that petition was signed by the District Judge, appointing two such receivers.

On May 2, 1933, the appellant herein, as insurance commissioner of the state of California, filed in the above proceedings a motion to vacate the order appointing the receivers, to dissolve the restraining order, to dismiss the petition for the appointment of receivers, and to re-examine the ex parte order appointing the receivers. An affidavit was filed in support of the motion, and another affidavit was filed in opposition to it. On May 8, the date specified in the motion, the matter was heard on the affidavits, before the District Court, was argued by counsel for each side, and was submitted on briefs. On May 12 an order was entered denying the motion.

On May 26, 1933, the appellant filed a motion for rehearing of the order denying the motion of E. Forrest Mitchell to vacate the order appointing the receivers, to dissolve the restraining order, to dismiss the petition for the appointment of receivers, and to re-examine the ex parte order appointing the receivers, in support of which motion for rehearing there were filed two affidavits.

On May 29, 1933, the motion for rehearing was heard, and on June 13, 1933, the District Judge denied the motion.

On July 13, 1933, the appellant filed his petition for appeal to this court, and his assignments of error. On July 14, 1933, an order allowing the appeal was filed.

The petition for appeal refers to both the denial of the motion to vacate the order appointing the receivers and to the denial of the motion for a rehearing of the order denying such motion to vacate.

On October 12, 1933, the appellees filed a motion to dismiss the appeal, on the grounds that the order on the appellant's original motion to vacate was appealable, and that appellant could not by a subsequent motion for a rehearing extend the thirty-day period for appeal therefrom, and that the order denying the motion for a rehearing was not an appealable order.

Under our view of the case, it will be necessary to consider only the first ground urged in support of the motion; that is to say, that the order on the appellant's original motion to vacate was appealable, and appellant could not by a subsequent motion for rehearing extend the thirty-day period for appeal therefrom.

The proposition that, after a final judgment or decree by the lower court, a motion for a rehearing in equity or for a new

trial at law tolls the statute limiting the time within which appeals may be taken, is too elementary to require extensive reference to authorities. In Morse v. United States, 270 U. S. 151, 153, 154, 46 S. Ct. 241, 242, 70 L. Ed. 518, the court said: "There is no doubt under the decisions and practice in this court that where a motion for a new trial in a court of law, or a petition for a rehearing in a court of equity, is duly and seasonably filed, it suspends the running of the time for taking a writ of error or an appeal, and that the time within which the proceeding to review must be initiated begins from the date of the denial of either the motion or petition. [Many cases cited.]" See, also, Citizens' Bank of Michigan City, Ind., v. Opperman, 249 U. S. 448, 449, 39 S. Ct. 330, 63 L. Ed. 701; Brockett et al. v. Brockett, 2 How. (43 U. S.) 238, 240, 241, 11 L. Ed. 251; Janus v. United States (C. C. A. 9) 38 F.(2d) 431, 433.

In the instant case, however, we must address our inquiry to the question of whether or not a petition for a rehearing filed within thirty days after the entry of an interlocutory order tolls the statute limiting the time for appeals, so that a petition for an appeal filed exactly thirty days after the entry of an order denying a motion for a rehearing, though sixty-two days after the entry of the interlocutory order sought to be appealed from, would be timely.

The subject of appeals from interlocutory orders or decrees is treated in section 129, amended, of the Judicial Code (28 USCA § 227). The pertinent portions of that section follow: "Where, upon a hearing in a district court, or by a judge thereof in vacation, an injunction is granted, continued, modified, refused, or dissolved by an interlocutory order or decree, or an application to dissolve or modify an injunction is refused, or an interlocutory order or decree is made appointing a receiver, or refusing an order to wind up a pending receivership or to take the appropriate steps to accomplish the purposes thereof, such as directing a sale or other disposal of property held thereunder, an appeal may be taken from such interlocutory order or decree to the circuit court of appeals; and sections 346 and 347 of this title shall apply to such cases in the circuit courts of appeals as to other cases therein. The appeal to the circuit court of appeals must be applied for within thirty days from the entry of such order or decree, and shall take precedence in the appellate court; and the proceedings in other respects in the district court shall not be stayed during the pendency of such appeal unless otherwise ordered by the court, or the appellate court, or a judge thereof. * * *"

Counsel have not cited any case, nor have we been able to discover any, where the precise point has been decided against the right of appeal, under the circumstances outlined above. Reasoning by analogy, indeed, we can see no grounds for contending that the well-established rule as to appeals from final judgments or decrees should not also apply to appeals from interlocutory decrees or orders.

We do not, however, have to rely upon analogy alone; for at least two Circuit Courts of Appeal have held that, in a situation similar to that at bar, an appeal will lie.

In Mortgage Loan Co. v. Livingston (C. C. A. 8) 45 F.(2d) 28, 31, the court was considering an order commanding a receiver in bankruptcy to pay to the second mortgagees of an hotel property a certain sum on account of taxes and insurance, representing advances made by them while the property was in the hands of the receiver. The court below, however, had denied the mortgagees' prayer for an order to compel the receiver to turn over to them a larger sum, representing the rents and profits derived by the receiver while operating the hotel.

Within thirty days from the entry of this order, a petition for a rehearing was filed, entertained by the court, and denied. An appeal was perfected within thirty days following the entry of the order denying the petition for a rehearing.

A motion was made for a dismissal of the appeal, on the ground that it had not been taken within thirty days after the entry of the order as to the taxes, insurance, rents, and profits. Of this contention, the court said: "The order, because of the pendency of this petition for rehearing, did not become final until the denial of the petition for rehearing, March 22, 1930. [Many cases cited.]"

It is clear that in the foregoing case the court regarded the order appealed from as interlocutory, since it referred to the thirty days' provisions, supra; nevertheless, it was held that, in such a case, the filing of a petition for a rehearing within thirty days, as here, tolled the statute.

In Sauri v. Sauri (C. C. A. 1) 45 F.(2d) 90, 91, 92, the appellate court, considering an appeal from the Supreme Court of Puerto Rico, used the following language: "The case comes here on four assignments of error. The first and second allege error by the Supreme Court in not holding the judgment of the District Court as merely interlocutory and there-

fore appealable only within ten days. This may be briefly disposed of. The judgment of the District Court is dated October 24, 1924, but a motion for reconsideration was filed on November 18, 1924, and denied on November 21, 1924. The appeal was taken on November 22, 1924, and served on November 24, 1924; so that, even if the judgment was interlocutory, and not final, the appeal was taken within ten days. The motion for rehearing suspended the running of the time allowed for appeal. Citizens' Bank v. Opperman [supra], 249 U. S. 448, 450, 39 S. Ct. 330, 63 L. Ed. 701. Assignments 1 and 2 are without merit."

Both on reason and authority, therefore, we are of the opinion that the motion to dismiss the appeal should be denied.

Motion denied.