GRAND DISTRICT LODGE OF DISTRICT No. 41 OF THE GRAND UNITED ORDER OF ODD FELLOWS IN AMERICA ET AL., Plaintiffs and Appellants, *v.* VÍCTOR ROJAS LODGE, INC., Defendant and Appellee.

No. 6580. Argued June 14, 1935.—Decided July 24, 1935.

*Pascasio Fajardo Martínez* for appellants. *Juan B. Soto* and *Juan F. Soto* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The appellee, which did not file a brief or appear at the hearing of the appeal, now appears by new counsel and moves for a reconsideration of the judgment of this court entered on May 27 last. Appellee contends that in its opinion the complaint does not state facts sufficient to justify the judgment of this court, and that this court acted without jurisdiction.

The point as to jurisdiction is based upon the fact that when the appeal was taken, the term fixed by law had already expired, and upon the contention that the notice of appeal is drafted in such a manner as to be ineffective.

It appears from the record that the judgment appealed from was entered on April 13, 1933, was notified on the 15th, and that the notice of appeal was filed on June 6, 1933.

If these were the only facts to be considered, the appellee would be correct, but it also appears from the record that plaintiffs, within the term which they had to appeal, that is, on May 13, 1935, filed a motion for reconsideration of the judgment, which motion was denied by the district court on May 18, 1935. This presents a different legal situation.

This Supreme Court decided in the case of *Rivera* v. *Medina et al.* 28 P.R.R. 756, reaffirming the holding in the case of *Rexach et al.* v. *Workmen's Relief Com.,* 31 P.R.R. 16, that "when the time within which an appeal may be taken has expired the right of appeal can not be revived by filing a motion for reconsideration whose purpose is to review questions decided by final judgment."

Later, in the case of *Pérez* v. *Díaz,* 42 P.R.R. 345, we held that:

"On November 26, 1930 the Circuit Court of Appeals had before it the case of *Saurí* v. *Saurí et al.,* 45 F. (2d) 90. The Court held that a motion for reconsideration in this Court suspended the time for appealing. The Court cited from *Citizens' Bank* v. *Opperman,* 249 U. S. 448, to the effect that until a motion for reconsideration was disposed of a judgment could not be considered as final. It follows necessarily that the time for appealing only begins to run from the moment of the disposition of a motion for reconsideration."

Still later, in the case of *Municipality* v. *Garcia,* 46 P.R.R. 384, 385, we said:

"Appellees rely upon *Pérez Casalduc* v. *Díaz Mediavilla,* 42 P.R.R. 345, and cases cited. For the purposes of this opinion it may be conceded that the time within which an appeal may be taken for the 'final judgment in an action or special proceeding' referred to in subdivision 1 of section 295 of the Code of Civil Procedure begins to run, in the event of a timely motion for rehearing, only after such motion has been decided and from the time when a copy of the notice of such action sent by the clerk to the losing party has been filed."

Consequently, the motion for reconsideration having been presented prior to the expiration of the period for appeal, and the notice of appeal having been filed 13 days after such motion was decided, we must, following the decision of the Circuit Court of Appeals cited in the *Pérez Casalduc* case, *supra,* and the decision in the *Guánica* case, *supra,* but without departing from the rule of the *Rivera* and *Rexach* cases, *supra,* hold that the term to appeal had not expired on June 6, 1931, when the present appeal was taken.

With respect to the other ground, it will suffice to say that the form in which the judgment was entered was what caused appellants to draft their notice of appeal in the form in which they did. The judgment sustained the complaint and held the resolution for separation void, but in its other pronouncements the judgment does not grant to plaintiffs the relief asked for, and as a matter of fact dismisses the complaint. It was for this reason that plaintiffs asked for a reconsideration of the judgment and then appealed, believing themselves obliged to explain the extent of their appeal in the notice.

As to the questions on the merits which are sought to be raised by the motion, we confirm our holding in the opinion upon which we based our former judgment herein.

The motion must be denied.

Mr. Justice Córdova Dávila took no part in the decision of this motion.