PEDRO L. RODRÍGUEZ, Intervener and Appellant, *v.* CARLOS J. TORRES, Plaintiff and Appellee.

No. 7095. Argued July 15, 1935—Decided July 24, 1935.

 

 

*Leopoldo Feliú* and *Edgar S. Belaval* for appellant. *Joaquín Ven-drell* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

A motion has been made to dismiss this appeal upon the ground that it was taken out of term. Appellant objects contending that it does not appear from the record that the term had expired when the appeal was taken; that since a motion for reconsideration was filed in time, the term commenced to run from the date of the decision of that motion; and further that even though the term had expired as to the judgment, it had not expired as to the order on the motion for reconsideration, from which appeal was also taken.

A hearing was had on the motion to dismiss on July 15 of this year, oral argument being made by counsel for both parties. Counsel, with leave of court, have filed briefs in support of their respective contentions.

██ The notification of the judgment appears from the record in a certificate issued by the clerk of the district court on July 3 of this year. It is dated April 4, 1935, and it is therein stated that the judgment so notified was entered on March 30, 1935. These dates also appear from the notice of appeal itself.

Nevertheless, the date of the filing of the notice does not appear from the record, and this court in *Bianchi* v. *Bianchi*, 45 P.R.R. 728, following *Delgado* v. *Márquez et al.*, 37 P.R.R. 127, held:

"Even though the losing party admits having had actual knowledge of the judgment or order, if the entry made by the clerk does not show that he filed a copy of the notice of the judgment or order with the record, the time to appeal from said judgment or order can not begin to run until such filing is actually effected."

See also *Buxó* v. *Sellés,* 46 P.R.R. 723.

This is an extreme case, since here the appellant admits

in his notice of appeal that not only was the judgment notified, but that the notice was filed in court on April 4; but even so, the rule must be applied for the sake of certainty. Clerks must comply strictly with their duties, and counsel, for the protection of their clients, must pay close attention to the performance of such duties.

The appellee is not in a position, therefore, to secure a dismissal upon the ground which he sets up. Furthermore, even if the case were one in which we could accept the admission of appellant as fixing the time to appeal, appellee would not be entitled to dismissal. This is so because, even if the judgment had been notified on April 4, 1935, nevertheless on the 12th, prior to the expiration of the ten days—this is a case of intervention *(tercería)*—appellant moved for a reconsideration of the judgment, and the court took the motion under advisement, studied it upon its merits, and dismissed it with an opinion on June 18, 1935. The order on the motion for reconsideration was notified on the 19th, and the appeal was taken on the 29th of the same month of June, 1935. This court has today decided in the case of *Grand District Lodge of District No. 41 of the Grand United Order of Odd Fellows in America et al.* v. *Victor Rojas Lodge, Inc.,* No. 6580, that under such circumstances the time to appeal commences to run upon the date of the order on the motion for reconsideration.

Appellant cites in support of this same proposition the following authorities: *Jones* v. *Gill,* 67 Fed. (2d) 159; *Citizens Bank* v. *Opperman,* 249 U. S. 448; Simkins, Federal Practice, revised edition, sec. 873. He also makes reference to 3 C. J., p. 465, sec. 282, which in summarizing the authorities, states:

"In most jurisdictions there is no final judgment or decree for the purpose of an appeal as long as the cause is still under the control of the trial court by reason of the pendency of a motion for a new trial, for rehearing, to set the judgment aside, or otherwise."

Appellee cites in opposition three of our own decisions: *Ex parte Padín,* 46 P.R.R. 712; *Ex parte Vega,* 28 P.R.R. 361; and *Rivera* v. *Martínez,* 27 P.R.R. 439.

Nothing to the contrary is decided in the first-cited case. It was said only that: "Whether the Federal rule to the effect that a motion for reconsideration extends the time for taking the appeal, is applicable to local practice, *quaere.*" *Ex parte Padín, supra.*

The last two decisions are prior to the cases of *Pérez* v. *Díaz,* 42 P.R.R. 345, and *Municipality* v. *García,* 46 P.R.R. 384.

In *Ex parte Vega, supra,* it was decided that: "An appeal from an order refusing to reconsider a previous order or judgment will be dismissed, because no appeal lies from such an order." Moreover, in the case of *Rivera* v. *Martínez. supra,* the court expressed itself as follows:

"The question is different with regard to the appeal from the order of February 6, 1919, for it was taken within the time fixed by law.

"The motion of December 22, 1918, which originated that order, is styled a motion for reconsideration, but it is in fact a motion to quash the writ issued in compliance with the order of December 20, 1918, for the execution of our judgment of December 6, 1918. That order was entered at the instance of José C. Rivera, without hearing or giving notice to the defendant; consequently it was not a ruling on any motion of the latter and for this reason his motion of December 22, although it employs the word 'reconsideration,' does not ask for the review of any ruling made at his instance, but for the first time raises the question of lack of jurisdiction in the lower court to order the execution of our judgment of December 6, 1918, because his appeal from the judgment of October 26, 1917, was pending; therefore the rule that an order refusing to reconsider a previous order is not appealable, is not applicable. The motion of the defendant referred to is in fact and in its scope a motion to quash the writ issued by virtud of the order for the execution of our judgment in the plaintiff's appeal, and such an order is appealable because it is a special order entered after judgment."

It may be inferred from this that what was implicitly decided was that if a motion for reconsideration had been involved, the order would not have been appealable. The cases cited do not, therefore, decide the question in favor of the appellee. The first leaves the matter in doubt, and the second two are rather applicable to the third ground of the opposition, which, in view of the ground for dismissal already decided, it will not be necessary to consider or decide.

The motion to dismiss is denied.

Mr. Justice Córdova Dávila took no part in the decision of this case.