Mr. Justice Córdova Dávila took no part in the decision of this case.

PETRA DÁVILA, ET AL., Plaintiffs and Appellees, *v.* OFELIA COLLAZO, Defendant and Appellant.

No. 7303.   Argued May 14, 1936.—Decided July 30, 1936.

*Joaquín Vendrell* and *A. Quirós Méndez* for the appellant.   *L. A. García del Rosario* and *M. A. García del Rosario* for appellees.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

On January 22, 1936, the District Court of Arecibo entered judgment in favor of the plaintiffs.   The defendant was notified and the notice filed on the 23rd of the same month.

On February 19, 1936, that is, three days before the term of thirty days to appeal to this Supreme Court expired, the defendant filed a motion for reconsideration of the judgment.   That motion was overruled on the same day on which it was filed.

. The order denying reconsideration was notified to the defendant on February 20, 1936, that is, two days before the expiration of the original term to appeal.

On February 24, 1936, the notice of appeal was served on the plaintiffs, but was not filed in the office of the clerk of the district court until March 17 of that year.

The appellees pray that the appeal be dismissed, maintaining that this court has no jurisdiction for the reason that the notice of appeal was filed after the term of thirty days granted by Section 295 of the Code of Civil Procedure, 1933 ed., had expired; that such term cannot be extended by filing a motion for reconsideration of a judgment, since the written law of Puerto Rico does not authorize, as a matter of right, motions for reconsideration, which are addressed to the discretion of the trial court; that the term of thirty days to appeal granted by statute is a jurisdictional term, fixed by legislative action, and one which may not be extended by judicial decision; that the decisions of this court in *Grand District Lodge* v. *Víctor Rojas Lodge, Inc.*, 48 P.R.R. 894 and *Rodríguez* v. *Torres*, 48 P.R.R. 896 are in effect judicial legislation in the guise of statutory construction; that the rule laid down by the federal statutes ought not to be applied to the insular district courts, particularly if consideration is given to the fact that in Puerto Rico the filing of a notice of appeal does not deprive the trial court of power to hear and decide a motion for reconsideration of the judgment appealed from; that the doctrine of *Rodríguez* v. *Torres*, *supra*, is not applicable to the instant case, since the motion for reconsideration in the instant case was overruled, on its merits, on the very day it was filed, upon the ground that the court considered such motion unfounded; and that a motion for reconsideration might at most suspend or stop the running of the time to appeal, but ought in no case to have the effect of renewing the term.

The appellant maintains that this court has jurisdiction of the case for the reason that the appeal was taken within

the thirty days following the date upon which the order was notified overruling the motion for reconsideration; that the legal effect of the filing of a motion for reconsideration of a judgment prevents the judgment from becoming final and hence appealable, the judgment not re-acquiring final and appealable status until the court enters an order granting or denying reconsideration; and that the appellant in this case is entitled to a new term of thirty days, counting from the date upon which notice was given of the denial of recon-sideration, that is, from February 20, 1936.

■ The only legal question presented to us has been already considered and decided by this Supreme Court in several of its recent decisions, in which the facts were identical or very similar to those in the instant case.

Let us examine these decisions:

In the case of *Pérez Casalduc* v. *Díaz Mediavilla*, 42 P.R.R. 346, reconsideration was asked of a judgment of this court affirming the judgment of a lower court. After such motion was filed the defendants appealed to the Circuit Court. After the appeal had been allowed, the appellants amended their motion for reconsideration and the motion was overruled. The appellants then filed a new petition for appeal. The appellees objected to the allowance of the appeal. This court allowed the appeal and said:

"On November 26, 1930 the Circuit Court of Appeals had before in the case of *Saurí* v. *Saurí et al.*, 45 F. (2d) 90. The Court held that a motion for reconsideration in this Court *suspended* the time for appealing. The Court cited from *Citizen's Bank* v. *Opperman*, 249 U. S. 448, to the effect that until a motion for reconsideration was disposed of a judgment could not be considered as *final*. It follows necessarily that the time for appealing only begins to run from the moment of the disposition of a motion for reconsideration.

" . . . that the appeal did not suspend .the right of this Court to consider the motion for reconsideration was the opinion of this Court in deciding the motion for reconsideration. 41 P.R.R. 730." (Italics ours.)

In the case of the *Municipality* v. *García,* 46 P.R.R. 384 this court said:

"For the purposes of this opinion it might be admitted that the time within which an appeal must be taken from 'a final judgment entered in a suit or special proceeding,' referred to in the first sub-division of Section 295 of the Code of Civil Procedure, commences to run, in the event that a motion for reconsideration is opportunely presented, only after such motion has been decided and from the moment in which the clerk files copy of notice of such order sent to the party prejudiced."

The facts in the *Municipality* v. *García, supra,* were somewhat different from those in the instant case. There an order was entered denying an injunction. Seven days later reconsideration was asked for. Three days later and before the motion for reconsideration had been decided, the plaintiff appealed. The defendants prayed that the appeal be dismissed as premature, relying upon the decision of this court in *Pérez Casalduc* v. *Díaz Mediavilla, supra.* This court overruled the motion to dismiss and said:

"The sentence referred to in the first sub-division is specifically a final judgment. . . .

"Neither before nor after the act of 1911 do we find satisfactory evidence of a legislative intention to the effect that a pending motion for reconsideration must be decided before perfecting an appeal from the orders enumerated in sub-division 3 of Section 295."

The decision of this Supreme Court in *Saurí* v. *Saurí,* 39 P.R.R. 461, deserves particular attention. A partition proceeding was involved. The District Court of Ponce ordered the sale of the real properties, in order that the proceeds might be divided among the co-owners; and ordered the appointment of arbiters to make the division. The judgment was notified on October 25, 1924, to the defendants and they appealed on November 22, 1924, that is, 29 days after notice. The appellee asked that the appeal be dismissed, contending that the judgment was interlocutory in so far as the partition of property was concerned, and that the appeal

ought to have been taken within ten days after the judgment was rendered and entered, as provided in Sub-division 3 of Section 295 of the Code of Civil Procedure. It was held that the judgment was a "final judgment" and as such appealable within a period of 30 days, and the appeal was allowed. In view of this, the court affirmed the judgment appealed from, modifying it, however, in certain points. The plaintiff, not being in agreement with the judgment, took the case on appeal to the Circuit Court of Appeals. The Circuit Court, in deciding the case, said:

"The case comes here on four assignments of error. The first and second allege error by the Supreme Court in not holding the judgment of the District Court as merely interlocutory and therefore appealable only within ten days. This may be briefly disposed of. The judgment of the District Court is dated October 24, 1924, but a motion for reconsideration was filed on November 18, 1924, and denied on November 21, 1924. The appeal was taken on November 22, 1924, and served on November 24, 1924; so that, even if the judgment was interlocutory, and not final, the appeal was taken within ten days. The motion for rehearing suspended the running of the time allowed for appeal. *Citizens Bank* v. *Opperman,* 249 U. S. 448, 450, 39 S. Ct., 330, 63 L. Ed. 701. Assignments 1 and 2 are without merit." See *Saurí* v. *Saurí,* 45 F. (2d) 90.

The Circuit Court, in considering whether the judgment of the District Court was final as this Supreme Court held, or whether it was interlocutory, as the appellant Saurí maintained, decided to hold it interlocutory, not taking into account the fact that if the judgment was really interlocutory, the appeal ought to have been taken within the ten days following October 24, 1924; that when the motion for reconsideration was filed on November 18, 1924, the ten days had already expired; and that such motion for reconsideration could in no case have had the effect of reviving a term which had expired fifteen days before the date on which it was filed. As a matter of fact, the appeal in *Saurí* v. *Saurí,* 39 P.R.R. 461 was maintainable only as involving a final judgment, which had been appealed from within the

30 days fixed by Sub-division 1 of Section 295 of the Code of Civil Procedure.

The decision of the Circuit Court in *Sauri* v. *Sauri, supra,* which has been accepted by this Supreme Court as authority sustaining the proposition that the filing of a motion for reconsideration of a judgment, not only suspends or interrupts the running of the time fixed by statute to appeal, but also renews it so that it commences to be counted anew from the date on which reconsideration is denied, is based on two decisions of the Supreme Court of the United States, which we must examine carefully in order to determine their meaning and scope.

In *Chicago G. W. R. R. Co.* v. *Basham,* 249 U. S. 164, a suit was filed before a District Court of the State of Iowa to recover damages for wrongful death. The defendant appealed to the Supreme Court of that state, which affirmed the judgment on November 26, 1915. A motion for reconsideration was filed, which was considered and denied on April 7, 1916. Later a second motion for reconsideration was filed, which after having been entertained, was denied on December 18, 1916. On December 19, 1916, the defendant sued out a writ of error to the Supreme Court of the United States, contending that the order and final judgment confirming that of the district court, was entered by the Supreme Court of Iowa on December 18, 1916. The Federal Supreme Court said in its opinion:

"We think this was a correct statement of the effective date of the judgment sought to be reviewed.

"Section 237, Judicial Code, both before and since the amendment of September 6, 1916, permits of the review by this court only of the *final judgment* or decree of the highest state court in which a decision in the suit could be had. It is only a judgment marking the conclusion of the course of litigation in the courts of the State that is subjected to our review. Hence, whatever its form of finality, if a judgment be in fact subject to reconsideration and review by the state court of last resort through the medium of a petition for rehearing, *and such a petition is presented to and entertained and*

*considered by that court,* we must take it that by the practice prevailing in the State the litigation is not brought to a conclusion until this petition is disposed of, and until then the judgment previously rendered can not be regarded as a *final judgment* within the meaning of the act of Congress. We said recently in an analogous case: 'If it were not so, a judgment of a state court susceptible of being reviewed by this court would, notwithstanding that duty, be open ..t the same time to the power of a state court to review and reverse.' *Andrews* v. *Virginian Ry.* 248 U. S. 272. It results that in the present case the judgment of the Supreme Court of Iowa did not become a 'final judgment' until December 18, 1916. . . . '' (Italics ours.)

The Federal Supreme Court again considered this question in the case of *Citizens Bank* v. *Opperman,* 249 U.S. 448, 63 L. Ed. 701, and said:

''Where a petition for rehearing is entertained the judgment does not become final for purposes of our review until such petition has been denied or otherwise disposed of and the three months' limitation begins to run from date of such denial or other disposition.''

From what we have just quoted, it appears that the highest court of the nation has gone to the extent of holding that a judgment entered by the highest court of a state, with respect to which reconsideration has been asked, does not become final for the purposes of an appeal to the Federal Supreme Court until the motion for reconsideration has been decided in some form or other; and that the effect of filing such motion is not merely to suspend the running of the time to appeal, but to grant the appellant a complete new term, to be counted from the date upon which the motion for reconsideration is decided.

Basing itself upon the decision of the Circuit Court of Appeals in *Sauri* v. *Sauri, supra,* and upon the doctrine announced by the Supreme Court in *Citizens Bank* v. *Opperman, supra,* this court recently held in *Grand District Lodge, etc.* v. *Victor Rojas Lodge, Inc.* 48 P.R.R. 894, and in *Rodriguez* v. *Torres,* 48 P.R.R. 896, that when a motion for recon-

siteration is filed before the time to appeal has expired, and the trial court entertains it and considers it on the merits, the time to appeal is suspended and commences to run anew from the decision of the motion. The effect which these decisions give to a motion for reconsideration is not merely that of suspending or interrupting the time to appeal while the court enters an order, but of granting to the appellant a complete new term, to be counted from the date upon which the decision upon the motion is notified to the appellant.

▬▬ Counsel for the appellees argues that there is no provision whatever in our procedural statutes authorizing motions for reconsideration; that such motions have been brought into our jurisdiction following the practice of equity courts which permit the motion for rehearing of cases; that in our local laws a party not in agreement with a judgment has ample remedies against errors which have been committed by the court, such as an appeal, a motion for new trial and the remedies permitted by Section 140 of the Code of Civil Procedure; and that the refusing or granting of a new term to appeal is not justified in view of what this Supreme Court has held in *Pérez Casalduc* v. *Díaz Mediavilla,* 41 P.R.R. 730 that a motion for reconsideration does not deprive the lower court of jurisdiction to entertain such a motion, even after filing of a notice of appeal.

It is desirable to state that in the case of *Pérez Casalduc* v. *Díaz Mediavilla,* the appellants first filed a motion for reconsideration of the judgment and thereafter, before this Supreme Court had decided such motion, appealed to the Circuit Court. It was under these circumstances that the court itself raised the question as to whether a motion for reconsideration was not invalidated by a subsequent appeal. This court said:

"It would seem to be evident that where the motion for reconsideration is filed, the lower court retains jurisdiction for the purpose of disposing of it. It was a matter that reached this court before the notice of appeal. We are fairly well convinced besides that

a lower court under these considerations does not lose jurisdiction of a motion for reconsideration by the occasion of the appeal. *Sucrs. of Abarca, S. en C. v. Central Vannina, Inc.,* ante, p. 336."

In the case of *Saldaña v. Comas,* 41 P.R.R. 344, this court went even further when it said:

"As to the third assignment of error in which it is urged that the court erred in reconsidering its decision of July 9, 1927, and in rendering a different decision after the opposers had already appealed from the former decision, we find that the error is non-existent.

"The very broad provisions of section 140 of the Code of Civil Procedure authorize the courts to take such action."

The principal purpose of a motion for reconsideration is to give the court which entered the judgment or order sought to be reconsidered, an opportunity to amend or to correct the errors committed in entering it. Section 140 of the Code of Civil Procedure (Ed. 1933) authorizes courts to relieve any person from the effects of a judgment or order entered against him by mistake, inadvertence, surprise or excusable neglect; and it is by a motion for reconsideration that a prejudiced party is able to move a court to modify its judgment.

It is true that the extent and effect given to the filing of a motion for reconsideration of a judgment by the authorities which we have cited, lends itself to dilatory tactics upon the part of losing litigants, interested in deferring indefinitely the execution of a judgment. This court is the first to recognize the necessity of some legislative action to correct the evil which we have pointed out and which will define in unequivocal terms the procedure for securing reconsideration of judgments or orders entered by insular courts and the effect and extent which ought to be given to the presentation of a motion for reconsideration.

Until the legislature takes action upon this point, this Supreme Court will consider itself obliged to follow the rule laid down by the Circuit Court in *Saurí v. Saurí, supra.*

484

The appeal in this case having been taken within the 30 days following the date on which the motion for reconsideration was overruled, we must hold that it was opportunely taken and that the motion to dismiss must be denied.

Mr. Justice Córdova Dávila took no part in the decision of this case.