GONZÁLEZ PADÍN COMPANY, INC., Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; TREASURER OF PUERTO RICO, Intervener.

No. 76. Argued March 11, 1946.—Decided May 3, 1946.

24

*Celestino Iriarte, F. Fernández Cuyar*, and *H. González Blanes* for petitioner. *E. Campos del Toro*, Attorney General, and *Guillermo Cintrón Ayuso*, Attorney of the Department of Justice, for the intervener Treasurer of Puerto Rico, respondent in the main proceeding.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

On January 14, 1944, the Treasurer of Puerto Rico sent to the petitioning corporation two notices, demanding the payment of certain additional sums on account of the "Victory Tax" levied by Act No. 29 of December 7, 1942 (Spec. Sess. Laws, p. 160). On January 17, 1944, the petitioner requested a reconsideration of the determination of deficiency made by the Treasurer. The reconsideration sought was denied on March 1, 1944, and five days thereafter the petitioner filed an application in which it requested that the Treasurer hold an administrative hearing in order to give the petitioner an opportunity to show the error made by the Treasurer in determining the alleged deficiencies. The Treasurer granted that request and after holding the hearing on March 21, 1944, he rendered a decision on March 31, 1944, ratifying the deficiencies.

Inasmuch as April 30 was a holiday, namely, Sunday, the taxpayer filed with the Tax Court a complaint against the Treasurer on May 1, 1944, that is, within the 30 days following the date on which the Treasurer rendered his final decision after holding the administrative hearing.

On December 18, 1945, the Tax Court entered an order holding that it lacked jurisdiction to take cognizance of the complaint, on the ground that the 30-day period for appeal,

counted from May 1, 1944, the date on which the Treasurer originally denied the reconsideration sought, had expired on the 31st of that same month. The court further decided that by insisting on the holding of an administrative hearing before the Treasurer, the taxpayer had intended to waive the right of appeal and to rely exclusively on any final decision by the Treasurer after said hearing was held.

The only question to be decided in the present proceeding is whether the Tax Court acquired jurisdiction and was bound to take cognizance of the complaint filed by the taxpayer on May 1, 1944.

 Section 57 of the Income Tax Act of 1924 (Laws of 1925, p. 400), as amended by Act No. 23 of November 21, 1941 (Spec. Sess. Laws, p. 72), provides:

"Section 57.—(*a*) If, in the case of any taxpayer, the Treasurer determines that there is a deficiency in respect to the tax imposed by this title, the taxpayer, except as provided in subdivision (*c*), shall be notified of such deficiency by registered mail, but such deficiency shall be assessed in the manner established in subdivision (*b*). Within fifteen (15) days immediately after the date of such notice, the taxpayer may apply to the Treasurer for a reconsideration of said determination of deficiency, stating in his application the grounds on which the same is based, and the Treasurer may grant him an administrative hearing before deciding the matter, or he may deny the reconsideration requested without any hearing if, in his judgment, said application is clearly unfounded. If the taxpayer does not agree with the resolution of the Treasurer with regard to any deficiency, he may, within thirty (30) days immediately following the date on which he is notified of the resolution, file with the Court of Tax Appeals of Puerto Rico a complaint against the Treasurer, in the manner provided for in the Act creating said court; . . . ."

As may be seen, the statute grants to a taxpayer who has received a notice of deficiency, a period of 15 days, counted from the date of said notice, to apply to the Treasurer for a reconsideration of the determination of deficiency. The taxpayer in this case applied for such a reconsideration in time.

According to the statute under discussion, upon receiving an application for reconsideration the Treasurer may, in his discretion: (*a*) grant the taxpayer an administrative hearing before deciding whether or not the reconsideration sought lies; or (*b*) he may deny the reconsideration without any hearing, if, in his judgment, the application is clearly groundless. In the case at bar, the Treasurer, on March 1, 1944, peremptorily denied the reconsideration requested without granting the taxpayer an administrative hearing. On March 7, 1944, that is, within the time fixed for taking an appeal to the Tax Court, the taxpayer, feeling aggrieved by the denial of an opportunity to be heard in an administrative hearing, again applied to the Treasurer and requested him to set aside his decision of March 1, 1944, and to grant the taxpayer an administrative hearing before finally deciding whether or not a reconsideration of the determination of deficiency was proper. We have already seen that the Treasurer acceded to that request and granted an administrative hearing, which was held on March 21; and that on March 31, 1944, he rendered his decision denying the reconsideration requested.

Was the Treasurer empowered to set aside his decision peremptorily denying the reconsideration prayed for and to reopen the case in order to determine it finally, after hearing the taxpayer on the merits of its contentions in an administrative hearing?

Under § 57, *supra,* the Treasurer may deny the reconsideration of a determination of deficiency, without holding an administrative hearing "if, in his judgment, said application is clearly unfounded." In the present case, the Treasurer set aside his decision peremptorily rejecting the application for reconsideration and granted and held an administrative hearing in order to hear the taxpayer on the merits of its opposition to the determination of deficiency. We can not presume that the action of the Treasurer was a futile gesture

made for the sole purpose of pleasing the taxpayer. On the contrary, we must assume that the Treasurer was convinced by the reasons adduced by the taxpayer that the application for reconsideration was not "clearly unfounded" and that he changed his opinion and decided not to determine the question finally before hearing the taxpayer.

We have failed to find in the statute, nor has our attention been called to, any legal provision which would prohibit the Treasurer from entertaining a motion for reconsideration after having peremptorily denied it.

 The legal effect of the decision of the Treasurer granting to the taxpayer an administrative hearing in order to consider the case on its merits, was to divest his former decision of the final character which a decision must have in order that an appeal may be taken therefrom to the Tax Court. See *Sauri* v. *Sauri,* 45 F. (2d) 90; *Citizens Bank* v. *Opperman,* 249 U.S. 448, 63 L. ed. 701; *González* v. *Court of Tax Appeals,* 60 P.R.R. 877.

 The Treasurer argues that § 57, *supra,* contemplates only one motion for reconsideration; that the taxpayer filed it in time; that the term for appeal began to run on March 1, 1944, the date on which the Treasurer denied the reconsideration; that the taxpayer was negligent because instead of taking an appeal within the statutory period, it chose to apply for a second reconsideration not authorized by the statute; and, lastly, that such a second reconsideration of the administrative decision of the Treasurer finally determining the tax is governed solely by § 3 of Act No. 169 of 1943 (Laws of 1943, p. 600), which provides that:

"All actions . . . which must be substantiated before the Tax Court of Puerto Rico shall be instituted . . . . within the 30 days following the date of the service of notice thereof by the Treasurer of Puerto Rico, in any of the following cases: . . . (3) Liquidation or re-liquidation of the amount of the income tax, including notices of deficiencies or of any other nature; . . . *Provided,* That the period of 30 days . . . shall be suspended if during said

period the Treasurer is asked for a reconsideration of his decision and he grants such reconsideration, in which case, the said period of thirty days, already started to run, shall continue to be reckoned from the date on which the Treasurer serve notice of his final decision on the incident of reconsideration upon the interested party; . . ."

Relying on the above-quoted Section of the Act creating the Tax Court of Puerto Rico, the Treasurer maintains that on March 7, 1944, when the taxpayer applied for the second reconsideration, six out of the thirty days allowed by § 57 of the Income Tax Act, *supra,* for taking an appeal to the Tax Court had already elapsed; that the second motion for reconsideration interrupted the limitation period, from March 7 to March 31, 1944, the date on which the Treasurer denied the reconsideration; and that the complainant was bound to file its complaint not later than April 24, 1944.

The Treasurer is not right. The application filed on March 6, 1944 (complainant's Exhibit 3) was not a second motion for reconsideration of the determination of deficiency but a petition addressed to the Treasurer requesting that, before rendering a final decision, he should give the complainant an opportunity to be heard. Upon granting that petition the Treasurer set aside his previous decision and reopened the case in order to consider it on its merits.

The contention of the Treasurer that the question herein must be governed by the provisions of § 3 of Act No. 169 of 1943, *supra,* is untenable for the reasons which we will state presently.

The deficiency involved relates to the payment of the Victory Tax. Section 8 of Act No. 29 approved December 7, 1942, provided as follows:

"Section 8.—The Income Tax Law of 1924 shall be a law supplementary to this Act in everything not provided for herein, as regards the administrative procedure in order to make the Act effective insofar as said administrative procedure is not incompatible with any provision of this Act."

The Section which we have just quoted was amended by Act No. 175 of 1943 (Laws of 1943, p. 630), approved subsequent to the enactment of Act No. 169 of 1943 creating the Tax Court. Said Section, as amended, reads thus:

"Section 8.—The Income Tax Act of 1924 shall be a law supplementary to this Act in everything not provided for herein.

It is evident that the intention of the Legislature was that all matters relating to the levy and collection of the Victory Tax not provided for in Act No. 29 of 1942, should be governed by the provisions of the Income Tax Act. The enactment which applies to the determination of the question raised in this proceeding is § 57 of the Income Tax Act.

Since the complaint was filed within the 30 days immediately following the date on which notice of the final decision of the Treasurer was served on the taxpayer, it must be concluded that the complaint was filed within the statutory term and that the Tax Court has jurisdiction to take cognizance of the case.

The decision sought to be reviewed is erroneous and should be reversed and the case remanded to the Tax Court for further proceedings not inconsistent with this opinion.