United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 13, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 04-50758

_____

VALLON ROBERT ENGLAND,

Petitioner - Appellant,

versus

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
6:03-CV-126

_____

On Remand from the Supreme Court of the United States

Before GARZA, DEMOSS, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:[*]

Vallon Robert England was convicted of aggravated sexual assault and sentenced to ninety-

nine years imprisonment. Previously, the district court dismissed England's 28 U.S.C. § 2254 petition

as time-barred, and we denied England a certificate of appealability ("COA"). The district court

dismissed the petition because England did not file his petition by May 22, 2003. In calculating this

deadline under 28 U.S.C. § 2244(d)(1)(A), the district court used the date that the Texas Court of

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Criminal Appeals ("TCCA") denied England's petition for discretionary review ("PDR"), February 21, 2001, as the date of final judgment in the state court system, instead of the date that the TCCA rejected England's motion for rehearing, April 27, 2001. The motion for rehearing had been rejected due to noncompliance with TEX. R. APP. P. 79.2(c).[1] Had the district court used the date the TCCA rejected the motion for rehearing, England's federal habeas petition would have been timely.[2] Following our denial of a COA, the Supreme Court granted England's petition for a writ of certiorari, vacated the judgment, and remanded the case to our court for further consideration "in light of the State's acknowledgment that the Texas Court of Criminal Appeals denied petitioner's motion for rehearing on April 27, 2001." *England v. Dretke*, 126 S. Ct. 1140, 1140–41 (2006).

Following the Supreme Court's directive, and because we note, below, that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), we grant England a COA on the issue of whether the proper date to use in calculating the one-year statute of limitations for the timely filing of England's federal habeas petition is the earlier date that the TCCA denied England's PDR or the later date that the TCCA rejected his motion for rehearing for noncompliance with the Texas filing requirements. We also address the merits of this issue and deny habeas relief.

---

[1]TEX. R. APP. P. 79.2(c) provides: "A motion for rehearing an order that refuses or dismisses a petition for discretionary review may be grounded only on substantial intervening circumstances which are specified in the motion. Counsel must certify that the motion is so grounded and that the motion is made in good faith and not for delay." The TCCA summarily rejected England's petition for rehearing on this ground and did not state which aspect of this rule was violated.

[2]England filed his federal habeas petition on March 29, 2003. If the deadline were calculated based on the date that England's motion for rehearing was rejected, England's federal habeas petition would have been due on May 26, 2003. England filed a state habeas petition; whichever date is used, the pendency of England's state habeas petition tolls the deadline. *See* 28 U.S.C. 2244(d)(2).

2

## I. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on federal habeas petitions for state prisoners. Under AEDPA, the one-year limitations period begins to run from the latest of several possible dates, including the date on which the judgment became final or, as here, the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Under the Supreme Court's rules, a party has ninety days to file for certiorari after judgment is entered by the state court of last resort, after entry of the state court's order denying discretionary review, or, if a petition for rehearing[3] is filed, after the denial of the rehearing or the subsequent entry of judgment. SUP. CT. R. 13.1; SUP. CT. R. 13.3. Therefore, the time for seeking direct review expires, and the limitations period begins to run, at the conclusion of the ninety-day period running from one of these dates. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (utilizing the Supreme Court rule in the context of an AEDPA limitations question); *Flanagan v. Johnson*, 154 F.3d 196, 197–99 (5th Cir. 1998) (same).

England argues that the AEDPA limitations period should be calculated using the later date that his motion for rehearing was rejected. He argues that his motion for rehearing was timely filed and that the motion's rejection for noncompliance is irrelevant. The Director maintains that the earlier date that England's PDR was denied is the proper date to use because England's motion for rehearing was not timely, and even if it were timely, it was rejected for noncompliance and, therefore, did not suspend the state court's judgment; according to the Director, since it did not suspend the state court judgment, the time to file a petition for certiorari would be calculated using the earlier

---

[3]Under the Supreme Court rules, this filing is styled as a "petition" for rehearing. *See* SUP. CT. R. 13.3. Under the Texas rules, this filing is styled as a "motion" for rehearing. *See* TEX. R. APP. P. 79.1.

3

date. Though the parties dispute the factual issue of the timeliness of the motion for rehearing, we decline to remand for a determination on this point. Instead, because we can conclude that the date of a timely, but non-complying, motion for rehearing should not be used to calculate the AEDPA limitations period, we assume without deciding that England's motion for rehearing was timely filed.

This court has had several occasions to address when state court judgments become final or when direct review expires in the context of an AEDPA limitations analysis, *see, e.g., Foreman v. Dretke*, 383 F.3d 336, 340 (5th Cir. 2004); *Roberts*, 319 F.3d at 695, but has not addressed the precise issue here—whether the date of the rejection of a timely motion for rehearing, which does not comply with state filing requirements, should be used to calculate when direct review expires for the purpose of AEDPA's limitations period.[4] England appealed to the TCCA and moved for rehearing with the TCCA but did not timely petition the Supreme Court for certiorari. Therefore, the inquiry for this court is whether, under the Supreme Court's rules, the time to file for certiorari (or the expiration of direct review) is calculated from the date the PDR was denied or from the date the motion for rehearing was rejected. *See Roberts*, 319 F.3d at 694 ("If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review . . . [, and] this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort.") (internal quotation omitted). SUP. CT. R. 13.1 provides in pertinent part: "A petition for a writ of certiorari seeking review of a judgment of

---

[4]This issue has been addressed in an unpublished report and recommendation by a magistrate judge. *Lowe v. Dretke*, 2005 WL 579595, at *1–2 (N.D. Tex. Mar. 10, 2005). The magistrate judge concluded that the date of the rejection of the motion for rehearing should be used to calculate the AEDPA limitations period, framing the inquiry as whether the petitioner had engaged the direct review process by filing a motion for rehearing. *Id.* at *2. For the reasons discussed, we disagree with this approach and reach the opposite conclusion.

a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." SUP. CT. R. 13.3 provides:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . . . But if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing . . ., the time to file the petition for a writ of certiorari . . . runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.

As the Court's rules provide, the ninety-day period typically runs from the denial of the PDR, unless a motion for rehearing is timely filed or an untimely motion for rehearing is otherwise entertained. The Court's rules do not address circumstances in which an otherwise timely motion for rehearing is rejected for noncompliance. Supreme Court caselaw, however, indicates that what delays the running of the ninety-day period is a motion for rehearing that is actually entertained.[5] In *Citizens' Bank of Michigan City, Ind., v. Opperman*, 249 U.S. 448, 450 (1919), the Court addressed whether the time to file for certiorari ran from the denial of a petition for rehearing and stated: "Where a petition for rehearing is entertained, the judgment does not become final for purposes of our review until such petition has been denied or otherwise disposed of, and the three months' limitation begins to run from [the] date of such denial or other disposition." The import of an entertained petition is that it suspends the finality of the state court's judgment. Hence the Court has stated, "A timely petition for rehearing tolls the running of the three-months period because it operates to suspend the finality of the state court's judgment, pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights

---

[5]This point is alluded to in SUP. CT. R. 13.3 as well. *See* SUP. CT. R. 13.3 ("[O]r if the lower court appropriately entertains an untimely petition for rehearing. . . .").

5

of the parties." *Dep't of Banking, State of Neb. v. Pink*, 317 U.S. 264, 266 (1942).

England's motion was rejected for noncompliance with the Texas rules; it was not denied on the merits. Because England's motion was rejected due to a deficiency in the form of the filing, the TCCA did not reach the merits, and no determination by the TCCA was pending that might have altered the TCCA's earlier judgment. It was as if the motion for rehearing had never been filed. Accordingly, the noncomplying motion for rehearing did not suspend the finality of the state court's judgment of February 21, 2001, when the TCCA denied England's PDR. The time to file for certiorari, therefore, would be calculated from the date of the denial of the PDR, not the date of rejection of the motion for rehearing.[6]

In England's case, direct review expired, and the limitations period began to run, ninety days following the TCCA's denial of his PDR. In the context of an AEDPA limitations analysis, other pragmatic considerations support this result. *Cf. Foreman*, 383 F.3d at 340 (making note of other considerations, including incentives for petitioners, in evaluating finality for AEDPA purposes). England's motion for rehearing did not comply with TEX. R. APP. P. 79.2(c), which provides that a petition for rehearing be grounded on substantial intervening circumstances and that counsel certify that the petition is made in good faith. Were noncomplying motions for rehearing permitted to extend the time to file a federal habeas petition, Texas state prisoners could indiscriminately file motions for rehearing not based on substantial intervening circumstances, only to advance the opportunity to timely file a federal habeas petition.

---

[6]In this regard, we note the Supreme Court's treatment of England's petition for a writ of certiorari on direct review. When England filed a petition for certiorari, the Supreme Court calculated the ninety-day period from the date of denial of the PDR and denied England's petition for certiorari as untimely.

## II. CONCLUSION

We hold that the date of the rejection of a timely motion for rehearing, which does not comply with Tex. R. App. P. 79.2(c), should not be used to calculate when direct review expires for the purpose of AEDPA's limitations period. The district court properly calculated the one-year limitations period using the date that the TCCA denied England's PDR.

COA GRANTED; HABEAS RELIEF DENIED.