González Padín Company, Inc., peticionaria, *v.* Tribunal de Contribuciones de Puerto Rico, demandado; Tesorero de Puerto Rico, interventor.

Núm. 76.—*Sometido:* Marzo 11, 1946. *Resuelto:* Mayo 3, 1946.

*Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados de la peticionaria; *Hon. Procurador General E. Campos del Toro* y *Guillermo Cintrón Ayuso,* abogado éste del Departamento de Justicia, abogados ambos del interventor, Tesorero. de Puerto Rico, querellado en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

En enero 14 de 1944 el Tesorero de Puerto Rico envió a la corporación peticionaria dos notificaciones, requiriendo el pago de ciertas cantidades adicionales por concepto del "Impuesto de la Victoria" establecido por la Ley núm. 29 de 7 de diciembre de 1942 ((2) pág. 161). En enero 17 de 1944, la peticionaria solicitó la reconsideración de la determinación

de deficiencia hecha por el Tesorero. Denegada la reconsideración en marzo 1ro. de 1944, la peticionaria radicó cinco días más tarde un escrito en el cual solicitaba del Tesorero que celebrara una vista administrativa para dar a la peticionaria una oportunidad de demostrar el error en que había incurrido el Tesorero al determinar las alegadas deficiencias. Accedió el Tesorero a la celebración de la vista administrativa y celebrada ésta el 21 de marzo de 1944, el Tesorero, con fecha 31 de marzo de 1944 dictó su resolución ratificando la deficiencia.

Por ser el día 30 de abril uno feriado, o sea domingo, la contribuyente radicó su querella contra el Tesorero ante el Tribunal de Contribuciones el día 1ro. de mayo de 1944 o sea dentro de los treinta días siguientes a la fecha en que el Tesorero dictó su resolución final después de celebrada la vista administrativa.

En diciembre 18 de 1945 el Tribunal de Contribuciones dictó su resolución declarando que carecía de jurisdicción para conocer de la querella, por el fundamento de que el término de 30 días para apelar, contado desde el día primero de marzo de 1944, fecha en que el Tesorero denegó por primera vez la reconsideración, expiró el 31 del mismo mes y año. El Tribunal resolvió además que al insistir en que se celebrara una vista administrativa ante el Tesorero, la contribuyente tuvo la intención de renunciar al derecho de apelación y atenerse exclusivamente a la resolución final que dictara el Tesorero después de celebrada dicha vista.

La única cuestión a resolver en el presente recurso es si el Tribunal de Contribuciones adquirió jurisdicción y estaba obligado a conocer de la querella radicada por la contribuyente el 1ro. de mayo de 1944.

La sección 57 de la Ley de Contribuciones Sobre Ingresos de 1924 (Leyes de 1925, pág. 401), según enmendada por la Ley núm. 23 de 21 de noviembre de 1941 ((2) pág. 73), dispone:

"Sección 57.—(a) Si tratándose de algún contribuyente, el Tesorero determinare que hay una deficiencia con respecto a la contribución impuesta por este título, el contribuyente, excepto lo que dispone la subdivisión (c) será notificado de dicha deficiencia por correo certificado, pero dicha deficiencia será tasada en la forma que se establece en la subdivisión (b). Dentro de los quince (15) días inmediatamente siguientes a la fecha de la notificación, el contribuyente podrá solicitar del Tesorero la reconsideración de dicha determinación de deficiencia, expresando en su solicitud los fundamentos en que ésta se basa, y el Tesorero podrá concederle una vista administrativa antes de resolver el asunto, o podrá denegar la reconsideración solicitada sin la celebración de vista alguna cuando a su juicio dicha solicitud fuere claramente infundada. Si el contribuyente no estuviere conforme con la resolución del Tesorero respecto a cualquier deficiencia, podrá, dentro de los treinta (30) días inmediatamente siguientes a la fecha en que se le notifique la resolución, radicar una querella contra el Tesorero ante el Tribunal de Apelación de Contribuciones de Puerto Rico, en la forma dispuesta por la ley creando dicho tribunal; . . ."

Como se ve, el estatuto concede al contribuyente que ha recibido una notificación de deficiencia un término de quince días, contados desde la fecha de la notificación, para solicitar del Tesorero la reconsideración de la determinación de deficiencia. La contribuyente en este caso solicitó la reconsideración a tiempo.

De acuerdo con el estatuto que estamos considerando, al recibir una solicitud de reconsideración, el Tesorero puede, a su discreción, (a) conceder al contribuyente una vista administrativa antes de resolver si procede o no la reconsideración solicitada, o (b) denegar la reconsideración sin celebración de vista alguna cuando a su juicio la solicitud fuera claramente infundada. En el caso de autos el Tesorero, en marzo 1ro. de 1944, denegó de plano la reconsideración, sin conceder a la contribuyente una vista administrativa. El día 7 de marzo de 1944, o sea dentro del término fijado para la apelación ante el Tribunal de Contribuciones, la contribuyente, no conforme con que se le denegara una oportunidad de ser oída en una vista administrativa, acudió de nuevo ante

el Tesorero y solicitó de éste que dejara sin efecto su resolución del 1ro. de marzo de 1944 y le concediera una vista administrativa antes de resolver en definitiva si procedía o no la reconsideración de la determinación de deficiencia. Ya hemos visto que el Tesorero accedió a lo solicitado y concedió una vista administrativa, la cual fué celebrada el 21 de marzo; y que el 31 de marzo de 1944 dictó su resolución denegando la reconsideración.

¿Estaba facultado el Tesorero para dejar sin efecto su resolución denegando de plano la reconsideración y abrir el caso de nuevo para resolverlo definitivamente después de oír a la contribuyente en cuanto a los méritos de su contención en una vista administrativa?

De conformidad con la sección 57, supra, el Tesorero puede denegar la reconsideración de una determinación de deficiencia, sin celebrar una vista administrativa, "cuando a su juicio la solicitud fuere claramente infundada". En el presente caso el Tesorero dejó sin efecto su decisión rechazando de plano la petición de reconsideración y concedió y celebró una vista administrativa para oír a la contribuyente sobre los méritos de su oposición a la determinación de deficiencia. No podemos presumir que la actuación del Tesorero fuera un gesto inútil realizado con el único propósito de complacer a la contribuyente. Por el contrario, debemos presumir que el Tesorero se convenció por las razones aducidas por la contribuyente de que la solicitud de reconsideración no era "claramente infundada" y rectificó su opinión, decidiendo no resolver la cuestión definitivamente hasta después de haber oído a la contribuyente.

No encontramos en el estatuto, ni se ha llamado nuestra atención hacia precepto legal alguno que prohiba al Tesorero tomar conocimiento (*entertain*) de una moción de reconsideración después de haberla rechazado de plano.

El efecto legal de la decisión del Tesorero de conceder a la contribuyente una vista administrativa para considerar

el caso en sus méritos, fué el de quitar a su resolución anterior el carácter definitivo que debe tener una decisión para que pueda apelarse de ella para ante el Tribunal de Contribuciones. Véanse: *Saurí* v. *Saurí,* 45 F.2d 90; *Citizens' Bank* v. *Opperman,* 249 U. S. 448, 63 L. ed. 701; *González* v. *Tribunal de Apelación,* 60 D.P.R. 901.

Arguye el Tesorero que la sección 57, supra, contempla una sola moción de reconsideración; que la contribuyente la radicó a tiempo; que el término para apelar empezó a correr el 1ro. de marzo de 1944, fecha en que el Tesorero denegó la reconsideración; que la contribuyente fué negligente, porque en vez de apelar dentro del término legal optó por solicitar una segunda reconsideración no permitida por el estatuto; y, por último, que esa segunda reconsideración de la resolución administrativa del Tesorero determinando finalmente la contribución se rige únicamente por la sección 3 de la Ley núm. 169 de 1943 (pág. 601), la que dispone que:

"Todas las acciones . . . que deban substanciarse ante el Tribunal de Contribuciones de Puerto Rico se iniciarán . . . dentro de los treinta días siguientes a la fecha de la notificación que a la misma haga el Tesorero de Puerto Rico, en cualquiera de los siguientes casos: . . . (3) liquidación o reliquidación del importe de la contribución de ingresos, incluyendo notificaciones de deficiencias o de cualquier otra índole; . . . Disponiéndose, que el término de treinta días . . . quedará en suspenso si durante el mismo se solicitase la reconsideración de su actuación al Tesorero de Puerto Rico y éste decidiese reconsiderarla, en cuyo caso el indicado término de treinta días ya iniciado se seguirá contando desde la fecha en que el Tesorero notifique a la parte interesada su decisión final en el incidente sobre reconsideración; . . .."

Apoyándose en el citado artículo de la ley creadora del Tribunal de Contribuciones de Puerto Rico, sostiene el Tesorero que cuando la contribuyente solicitó en marzo 7, 1944 la segunda reconsideración, ya habían transcurrido seis de los treinta días que para apelar ante el Tribunal de Contribuciones le concede la sección 57 de la Ley de Contribuciones So-

bre Ingresos, supra; que la segunda moción de reconsideración interrumpió el término desde el 7 de marzo hasta el 31 de marzo de 1944, fecha en que el Tesorero denegó la reconsideración; y que la querellante venía obligada a radicar su querella a más tardar el 24 de abril de 1944.

No tiene razón el Tesorero. La solicitud presentada en marzo 6 de 1944 (*Exhibit* 3, querellante) no fué una segunda moción sobre reconsideración de la determinación de deficiencia y sí una petición al Tesorero para que antes de resolver definitivamente diese a la querellante una oportunidad de ser oída. Al acceder a dicha solicitud el Tesorero dejó sin efecto su decisión anterior y abrió el caso para ser considerado en sus méritos.

La contención del Tesorero en cuanto a que la cuestión aquí envuelta debe regirse por las disposiciones de la sección 3 de la Ley núm. 169 de 1943, supra, no es sostenible, por las razones que pasamos a exponer.

La deficiencia de que se trata está relacionada con el pago de la contribución del Impuesto de la Victoria. El artículo 8 de la Ley núm. 29, aprobada en diciembre 7 de 1942 disponía lo siguiente:

"Artículo 8.—La Ley de Contribución sobre Ingresos de 1924 será ley supletoria de la presente para todo lo aquí no provisto en cuanto al procedimiento administrativo para hacer efectiva esta Ley, en tanto en cuanto dicho procedimiento administrativo no sea incompatible con alguna disposición de esta Ley."

El artículo que acabamos de transcribir fué enmendado por la Ley núm. 175 de 1943 (pág. 631), aprobada con posterioridad a la aprobación de la Ley núm. 169 de 1943 por la cual se creó el Tribunal de Contribuciones. El artículo tal y como fué enmendado dice:

"Artículo 8.—La Ley de Contribución sobre Ingresos de 1924 será ley supletoria de la presente para todo lo aquí no provisto."

Es evidente que la intención legislativa ha sido que todo lo relacionado con la imposición y cobro del Impuesto de la

Victoria, no provisto en la Ley núm. 29 de 1942, deberá regirse por las disposiciones de la Ley de Contribuciones Sobre Ingresos. El estatuto aplicable para la resolución de la cuestión planteada en este recurso es el artículo 57 de la Ley de Contribuciones Sobre Ingresos.

Habiéndose radicado la querella dentro de los treinta días inmediatamente siguientes a la fecha en que la resolución definitiva del Tesorero fué notificada a la contribuyente, es forzoso concluir que la querella fué radicada dentro del término legal y que el Tribunal de Contribuciones tiene jurisdicción para conocer del caso.

*La resolución recurrida es errónea y debe ser revocada y el caso devuelto al Tribunal de Contribuciones para ulteriores procedimientos no inconsistentes con esta opinión.*