WILLIAM IRIZARRY CUEBAS, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; R. BUSCAGLIA, TESORERO DE PUERTO RICO, interventor.

Núm. 154.—*Sometido:* Diciembre 11, 1947. *Resuelto:* Diciembre 23, 1947.

---

([6]) Véase *Asamblea Municipal v. Corte,* 62 D.P.R. 772.

954

*J. Alemañy Sosa,* abogado del peticionario; *Hon. Procurador General Luis Negrón Fernández,* y *Elmer Toro Lucchetti, Procurador General Auxiliar,* abogados del interventor, demandado en el pleito principal.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Expedimos el auto en este caso para revisar la resolución dictada por el Tribunal de Contribuciones declarándose sin jurisdicción para conocer de la querella original y de la querella complementaria presentadas por el peticionario ante dicho tribunal. Los hechos, sucintamente expuestos, son los siguientes:

El 24 de septiembre de 1945 el Tesorero de Puerto Rico notificó al peticionario una determinación de deficiencia con respecto a la contribución sobre ingresos correspondientes al año 1939, en la suma de $3,626.62, incluyendo intereses, pero sin penalidades de clase alguna. En la notificación se le in-

formó al contribuyente que la deficiencia había surgido con motivo de una investigación, en la cual no había podido identificarse, de un total de $60,684.53 en depósitos bancarios, la suma de $55,948.86; y que se estimaba que la mitad de esta suma o sea $27,974.43, constituían ingresos no declarados del contribuyente, provenientes de un negocio de "bolita".

El 15 de octubre de 1945, o sea, veintiún días después de la notificación de deficiencia, el contribuyente solicitó del Tesorero la reconsideración de la misma y, siete días después, o sea, el 22 de octubre radicó una querella ante el Tribunal de Contribuciones impugnando la deficiencia de $3,626.62. No obstante haberse solicitado la reconsideración después de haber vencido los quince días que señala el artículo 57(a) de la Ley de Contribuciones Sobre Ingresos, el Tesorero accedió a considerar dicha solicitud y celebró una vista administrativa, como resultado de la cual el Tesorero notificó, el 27 de noviembre de 1945, al contribuyente una nueva determinación de deficiencia, esta vez ascendente a $9,368.11. Para llegar a esta determinación el Tesorero consideró que el contribuyente no había podido identificar la procedencia de $39,011.41 y que dicha suma constituía ingreso neto tributable. Como parte de la contribución se impuso una penalidad por fraude, la cual no había sido impuesta originalmente. Al calce de esta notificación el Tesorero informó al contribuyente que "en caso de que no estuviere conforme con la resolución que se le notifica" podía radicar dentro de los treinta días inmediatamente siguientes, querella ante el Tribunal de Contribuciones en la forma dispuesta por la ley. El contribuyente así lo hizo radicando, ante dicho Tribunal el 26 de diciembre de 1945, una "querella complementaria". El 29 de diciembre el Tesorero radicó una moción solicitando la desestimación del recurso alegando que el Tribunal de Contribuciones carecía de jurisdicción por no haber el contribuyente solicitado la reconsideración de la notificación de deficiencia dentro del término de quince días que provee la sección 57(a) de la Ley de Contribuciones Sobre Ingresos. Sometida esta moción, dicho tri-

bunal la declaró con lugar y desestimó el recurso el día 6 de mayo de 1946. Solicitó el contribuyente la reconsideración y oídas las partes, el tribunal inferior, basándose en el caso de *González Padín Co. Inc.,* v. *Tribunal de Contribuciones,* 66 D.P.R. 24, reconsideró el 9 de julio de 1946 su resolución anterior desestimando el recurso.

Contestó entonces el Tesorero, tanto la querella original como la complementaria, y, al solicitar el contribuyente se dictara resolución por las alegaciones, el Tribunal, el 28 de febrero de 1947, resolvió, *sua sponte,* que: "procede declararnos sin jurisdicción para entender en el recurso—tanto en lo que concierne a la instancia originalmente archivada como en lo atañente a la querella complementaria y dejar sin efecto nuestra resolución de fecha 9 de julio de 1946. Ello implica, desde luego, que procede declarar sin lugar la moción de sentencia por las alegaciones que presentara el querellante."

El fundamento que tuvo el Tribunal de Contribuciones para declararse sin jurisdicción fué, en síntesis y según sus propias palabras, el siguiente:

"Es un hecho indubitable que el Tesorero, al proceder a determinar y enviar una nueva deficiencia a base de *hechos* y teorías de derecho distintas a las que motivaron la primera, lo que hizo fué notificar una determinación tentativa, totalmente nueva, de deficiencia en relación con la cual el contribuyente tenía que obtener, antes de acudir ante nos, la resolución administrativa definitiva que tantas veces hemos mencionado. El hecho de no haberse cumplido con ese requisito indispensable nos priva de jurisdicción para entender en el asunto."

Y aplicó, tanto la sección 57(*a*) de la Ley de Contribuciones Sobre Ingresos, como la sección 4 de la Ley núm. 169 de 1943, que disponen, como uno de los requisitos previos indispensables para que el contribuyente pueda acudir al Tribunal de Contribuciones, que haya recaído una resolución del Tesorero sobre la determinación de cualquier deficiencia, según la primera ley mencionada, o la correspondiente resolu-

ción administrativa por parte del Tesorero, de acuerdo con la ley, según la segunda.

■■ No tenemos duda de que la conclusión a que llegó el Tribunal de Contribuciones en cuanto a los hechos del caso es correcta. La notificación que envió el Tesorero al contribuyente el 27 de noviembre de 1945 determinando una nueva deficiencia a base de hechos distintos a los que dieron lugar a la primera notificación, no constituyó una resolución administrativa de la reconsideración solicitada por el contribuyente y pudo éste solicitar la reconsideración de la segunda notificación de deficiencia. Empero, el Tesorero al hacer dicha segunda notificación, en noviembre 27, 1945, le informó al contribuyente erróneamente, 1ro., que dicha notificación era " el resultado de la vista administrativa" concedida como consecuencia de la reconsideración solicitada en relación con la primera notificación de deficiencia de septiembre 24, 1945, y 2do., que lo que se le notificaba era la resolución a que se refiere la sección 57(a) de la Ley de Contribuciones Sobre Ingresos,(¹) ya que expresamente le dijo al contribuyente: "En caso de

---

(¹)Dicha sección 57(a), según enmendada por la Ley núm. 23 de noviembre 21 de 1941, provee:

"Sección 57.—(a) Si tratándose de algún contribuyente, el Tesorero determinare que hay una deficiencia con respecto a la contribución impuesta por este título, el contribuyente, excepto lo que dispone la subdivisión (c) será notificado de dicha deficiencia por correo certificado, pero dicha deficiencia será tasada en la forma que se establece en la subdivisión (b). Dentro de los quince (15) días inmediatamente siguientes a la fecha de la notificación, el contribuyente podrá solicitar del Tesorero la reconsideración de dicha determinación de deficiencia, expresando en su solicitud los fundamentos en que ésta se basa, y el Tesorero podrá concederle una vista administrativa antes de resolver el asunto, o podrá denegar la reconsideración solicitada sin la celebración de vista alguna cuando a su juicio dicha solicitud fuere claramente infundada. Si el contribuyente no estuviere conforme con la resolución del Tesorero respecto a cualquier deficiencia, podrá, dentro de los treinta (30) días inmediatamente siguientes a la fecha en que se le notifique la resolución, radicar una querella contra el Tesorero ante el Tribunal de Apelación de Contribuciones de Puerto Rico, en la forma dispuesta por la ley creando dicho tribunal; *Disponiéndose,* que (1) la resolución del Tesorero sobre la determinación de cualquier deficiencia y (2) la prestación de fianza por el contribuyente, sujeta ésta a la aprobación del Tesorero, por una suma no menor de tres cuartas (¾) partes del montante de la contribución apelada, serán ambos y cada uno requisitos previos indispensables para acudir al referido Tribunal. sin los cuales éste no adquirirá jurisdicción."

que no estuviere conforme con la resolución que se le notifica, puede usted, dentro del término de TREINTA (30) DÍAS inmediatamente siguientes a la fecha de esta notificación, radicar una querella ante el Tribunal de Contribuciones de Puerto Rico, en la forma dispuesta por la ley. Para acudir ante el mencionado Tribunal es requisito previo la prestación de una fianza por una suma no menor de las tres cuartas ($\frac{3}{4}$) partes del montante de la contribución objeto de la apelación de acuerdo con lo estatuído en la sección 6 de la Ley núm. 23, aprobada en noviembre 21 de 1941.''(²)

De manera que fué la actuación del Tesorero la que indujo al contribuyente a actuar en la forma en que lo hizo. Es cierto, como dice el tribunal *a quo* en su opinión, que el Tesorero no está obligado por ley a informarle a un contribuyente lo que debe hacer y cuál es la ley aplicable a cualquier situación que surja en su caso, pero el más elemental sentido de justicia indica que, si lo hace, no debe inducirle a error e informarle como resolución administrativa lo que en realidad es una nueva notificación de deficiencia. El propio tribunal recurrido, en la opinión que emitió el 9 de julio de 1946, reconsiderando la desestimación que había ordenado el 6 de mayo, se expresó en esta forma:

''Adviértase que de acuerdo con los procedimientos seguidos en este caso, el querellado ha triplicado la deficiencia notificádale al contribuyente originalmente sin darle a éste una oportunidad de discutir administrativamente todo lo relacionado con dicho aumento.

''Cuando el Tesorero cree que un contribuyente debe pagar una contribución sobre ingresos mayor que la notificádale anteriormente como deficiencia, debe hacerlo al través de una notificación adicional, e independiente de la primera, a los fines de que, el contribuyente tenga una oportunidad adecuada de defenderse solicitando una vista administrativa, si así lo desea, en la que pueda plantear todas las cuestiones de hecho y de derecho que sean pertinentes, inclusive, tal vez, la de que hubiere expirado el término para el Tesorero tasar y cobrar una mayor contribución.

---

(²)La sección 6 fué la que enmendó la sección 57 de la Ley de Contribuciones sobre Ingresos.

"En el presente caso el recurrente fué privado de su oportunidad de defenderse administrativamente del aumento que se le hiciera en la contribución sobre la que se le notificara originalmente. Lo que debió haberle sido avisado como una determinación tentativa se le notificó como una deficiencia definitiva. Semejante proceder, aparte de la galantería de que pudiera carecer, no estaba ajustada a derecho. Y se acentúa el cariz indeseable de la actuación al recurrirse, después de haberse triplicado la deficiencia con motivo de la vista administrativa, a la alegación de que este tribunal carece de jurisdicción para entender en este caso porque el recurrente no solicitó la vista administrativa dentro de los quince (15) días que se conceden para ello en la sección 57 (a). Al suscitar esta cuestión jurisdiccional el querellado no rectifica su actuación, y sin rebajar la contribución a ser pagada por el contribuyente a la cantidad que aparecía de la deficiencia tentativa original, insiste en cobrar el total de la nuevamente determinada después de la vista administrativa que el propio querellado alega fué concedida y celebrada fuera de ley."

Como dijéramos, *mutatis mutandi,* en el caso de *Mayagüez Lt., P. & I. Co.* v. *Tribunal de Contribuciones,* 65 D.P.R. 30, 35, no podemos hacer nuestra tan deportiva teoría de justicia, bajo la cual una notificación del Tesorero pueda emplearse para atrapar al contribuyente precavido o aun al no precavido, y privarle de la oportunidad de tener su día en corte.[3]

Ya hemos dicho, que la segunda notificación de noviembre 27, 1945, no sólo contenía una nueva deficiencia basada en hechos distintos, sino que por primera vez el Tesorero impuso una penalidad del 50 por ciento del montante de la contribución por haber el contribuyente "rendido una declaración falsa o fraudulenta." Aceptando, sin resolverlo, que la declaración rendida sea falsa o fraudulenta, entonces, de acuerdo con la sección 61(a) de la Ley de Contribuciones Sobre Ingresos, el Tesorero podía y puede imponer la contribución en cualquier momento y sin estar sujeto al término de siete años que provee la sección 60(a) (1) de la misma ley. Como consecuencia, el Tesorero, no obstante el tiempo trans-

---

[3] *Cf. Ballester* v. *Tribunal de Apelación,* 60 D.P.R. 768.

currido, puede notificarle de nuevo al contribuyente la deficiencia que por error le notificó como resolución administrativa, y entonces el peticionario podrá solicitar la reconsideración y la vista administrativa correspondiente. Es obligación del Tesorero así hacerlo, ya que fué él quien indujo al contribuyente a cometer el error que privó al tribunal inferior de jurisdicción para conocer de su caso. El Tribunal de Contribuciones al declararse sin jurisdicción en cuanto al fondo de las cuestiones envueltas en el recurso, debió hacer esta aclaración o salvedad en protección de los derechos del contribuyente. Habiendo sido hecha en esta opinión, *procede la confirmación de la resolución recurrida.*