JUAN MERCADER, peticionario, *v.* TRIBUNAL SUPERIOR, SALA DE SAN JUAN, HON. ANTONIO S. ROMERO, JUEZ, demandado, SECRETABIO DE HACIENDA, interventor.

Número 2184.

*Sometido:* 14 de enero de 1957. *Resuelto:* 20 de marzo de 1957.

Víctor Gutiérrez Franqui, Luis F. Sánchez Vilella y C. Morales, Jr., abogados del peticionario; *Hon. Secretario de Justicia José Trías Monge (J. B. Fernández Badillo, Secretario de Justicia Interino,* en el alegato de réplica del interventor) y *J. C. Santiago Matos, Procurador Auxiliar,* abogados del interventor, demandado en el pleito principal.

*PER CURIAM:* En septiembre 15 de 1953 el Secretario de Hacienda notificó deficiencias al peticionario para los años 1944 al 1950 ascendentes en total a la suma de $59,703.93. Dentro de la prórroga concedídale para ello, el contribuyente solicitó por escrito reconsideración y vista administrativa sobre el asunto. El Secretario de Hacienda notificó al contri-

buyente que su solicitud no reunía los requisitos que la ley exige en una petición de reconsideración porque no expresaba los fundamentos de sus objeciones a la determinación hecha por dicho Secretario y que hasta tanto no hiciera una relación de los préstamos y repagos recibidos, indicando fechas y cantidades, consideraría que el contribuyente no había solicitado la reconsideración del asunto. Volvió éste a dirigirse al Secretario de Hacienda ampliando los fundamentos que tenía para solicitar la reconsideración y vista administrativa, pero el Secretario de Hacienda los consideró igualmente insuficientes y así lo notificó al contribuyente en 27 de enero de 1954. Éste no realizó gestión adicional alguna y en 10 de marzo de 1954, el Secretario de Hacienda, sin haber concedido la reconsideración y vista administrativa notificó su determinación final al contribuyente confirmando las deficiencias notificadas.

Oportunamente el contribuyente interpuso demanda ante el Tribunal Superior alegando que el Secretario de Hacienda había cometido error al notificar las deficiencias en litigio y solicitando la anulación de las mismas. Luego de un incidente de fianza, el Tribunal Superior señaló el 5 de abril de 1955 para la vista del caso en sus méritos. En dicha vista el peticionario planteó por vez primera, la falta de jurisdicción del tribunal fundándose en que el "Secretario de Hacienda no había celebrado la vista administrativa que dispone la Sección 57-A de la Ley de Contribución sobre Ingresos de 1925, según enmendada."

En 16 de mayo de 1956, el Tribunal Superior dictó resolución declarando sin lugar la cuestión de jurisdicción planteada por el allí demandante. Para revisar esta resolución expedimos el presente auto de *certiorari*.

La contención del peticionario es que la negativa del Secretario de Hacienda a concederle una vista administrativa produce la nulidad de la determinación final de deficiencia, y en su consecuencia que el Tribunal Superior carece de juris-

dicción sobre el asunto. Creemos sin embargo, que es innecesario determinar aquí si bajo las disposiciones de la sec. 57(a) de la Ley de Contribuciones sobre Ingresos, según fuera enmendada por la Ley núm. 230 de 1949,(¹) el Tesorero venía obligado a conceder una vista al contribuyente que fuere notificado de una deficiencia, y solicitare por escrito reconsideración y vista administrativa exponiendo en su solicitud los fundamentos que tuviere para ello.

La concesión de una vista administrativa en las circunstancias expuestas, no es un requisito para investir de jurisdicción al Tribunal Superior en un caso de contribución sobre ingresos. La Ley núm. 328 aprobada en 13 de mayo de 1949 —Leyes de Puerto Rico de ese año, pág. 997—creó el Tribunal de Contribuciones de Puerto Rico y estableció su jurisdicción.(²) A ese efecto el art. 2 de dicha ley dispone en parte:

"Artículo 2.—Además de la jurisdicción conferídale por leyes especiales, el Tribunal de Contribuciones de Puerto Rico tendrá jurisdicción, de carácter exclusivo, para conocer de todos los casos, acciones, procedimientos o recursos especiales o extraordinarios relacionados con, o que afecten, la imposición, cobro y

---

(¹) Dicha sección disponía:

"Sección 57(a).—Si tratándose de algún contribuyente, el Tesorero determinare que hay una deficiencia con respecto a la contribución impuesta por este título, el contribuyente, excepto lo que dispone la Subdivisión (c), será notificado de dicha deficiencia por correo certificado, y el contribuyente podrá, dentro de los treinta (30) días siguientes a la fecha del depósito de dicha notificación en el correo, o dentro de la prórroga que a tales fines le conceda el Tesorero, solicitar de éste, por escrito, reconsideración y vista administrativa sobre el asunto, exponiendo en su solicitud los fundamentos que tuviere para ello. Si el contribuyente no solicitare reconsideración en la forma y dentro del término aquí dispuestos, o si habiéndola solicitado, el Tesorero confirmare en todo o en parte la deficiencia notificada, el Tesorero notificará, en ambos casos, su determinación final al contribuyente, por correo certificado, y el contribuyente podrá apelar de dicha determinación final para ante el Tribunal de Contribuciones de Puerto Rico en la forma, dentro del término y previo el cumplimiento de los requisitos dispuestos por ley."

(²) El Tribunal de Contribuciones de Puerto Rico fué abolido por la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico—(Ley núm. 11, aprobada en 24 de julio de 1952)—y su jurisdicción fué concedida al Tribunal Superior.

pago de toda clase de contribuciones incluyendo contribuciones sobre la propiedad, contribuciones sobre herencia y donaciones, contribuciones sobre ingresos, contribuciones sobre enriquecimiento injusto, contribuciones de seguro social, arbitrios, licencias y cualesquiera otras contribuciones o impuestos, así como para conocer de las reclamaciones de contribuciones cobradas por un procedimiento ilegal, o que voluntariamente o sin notificación del Tesorero de Puerto Rico se hubieran pagado indebidamente o en exceso, cuyo reintegro esté autorizado por ley y haya sido rehusado por el Tesorero de Puerto Rico; *Disponiéndose, sin embargo, que esta jurisdicción no podrá invocarse ante el Tribunal por persona alguna, hasta que sobre el asunto en discusión haya recaído la correspondiente resolución administrativa por parte del Tesorero de Puerto Rico,* de acuerdo con la ley; . . . ." (Bastardillas nuestras.)

Por otro lado la Ley núm. 235, aprobada en 10 de mayo de 1949, estableció un procedimiento uniforme para recurrir ante dicho Tribunal de Contribuciones. En su art. 2-A dispuso que "[c]uando un contribuyente no estuviere conforme con una determinación notificádale por el Tesorero de Puerto Rico y tuviere derecho por ley a apelar de ella para ante el Tribunal de Contribuciones de Puerto Rico, deberá hacerlo en la forma, dentro del término y previo el cumplimiento de los requisitos siguientes:

"1. Contribución Sobre Ingresos.

"De una determinación final de deficiencia notificada en la forma provista en la Sección 57 (*a*) de la Ley de Contribuciones sobre Ingresos de 1924, . . . . ., radicando su demanda en el Tribunal de Contribuciones de Puerto Rico en la forma dispuesta por la Ley que crea dicho Tribunal, dentro del término de treinta (30) días, a partir de la fecha del depósito en el correo de la referida notificación de la determinación final del Tesorero de Puerto Rico, previa prestación de fianza a favor de éste y ante éste, sujeta a la aprobación de dicho funcionario, . . . . . ."

En el presente caso el Tesorero notificó por correo certificado deficiencias al peticionario, y luego de considerar infundada una solicitud de reconsideración y vista administrativa presentada por el contribuyente, notificó a éste, en igual

forma, su determinación final. Fué contra esta determinación que el contribuyente aquí peticionario recurrió para ante el Tribunal Superior, previo cumplimiento del requisito sobre prestación de fianza.

El peticionario arguye "que según se ha interpretado la sección 57(a) en Puerto Rico, el Secretario de Hacienda está impedido de imponer y cobrar una deficiencia hasta tanto el contribuyente, a quien le ha sido notificada una deficiencia en forma preliminar, solicite la reconsideración, el Tesorero por decisión administrativa confirme la deficiencia *después de una vista* o el contribuyente se querelle ante el Tribunal de Contribuciones (hoy Superior) y se determine una deficiencia." Los casos de *Irizarry* v. *Tribunal de Contribuciones*, 67 D.P.R. 953 e *Irizarry* v. *Tribunal de Contribuciones*, 71 D.P.R. 191, invocados por el peticionario, no sostienen su teoría. En el primero de dichos casos, se resolvió, copiando del sumario, que "[c]uando solicitada reconsideración de una notificación de deficiencia se accede a ello y celebrada una vista administrativa, como resultado de ella el Tesorero determina una nueva deficiencia a base de hechos distintos a los que dieron lugar a su primera notificación y en ella incluye, por primera vez, una penalidad por fraude, esta última determinación no constituye una resolución administrativa de la reconsideración solicitada por el contribuyente y sí una nueva notificación de deficiencia de la cual éste puede solicitar a su vez reconsideración." En el segundo dijimos: "Así vemos que bajo el procedimiento ordinario, cuando un contribuyente es notificado de una deficiencia bajo la sección 57(a), puede ocurrir lo siguiente: (1) el contribuyente no solicite la reconsideración dentro de quince días; (2) el contribuyente puede que solicite la reconsideración, el Tesorero por decisión administrativa confirme la deficiencia y el contribuyente no recurra al Tribunal de Contribuciones; (3) el contribuyente solicite la reconsideración, el Tesorero por decisión administrativa confirme la deficiencia después de una vista,

el contribuyente se querelle en el Tribunal de Contribuciones y *éste determine que existe una deficiencia.* El Tesorero debe esperar el resultado de una de estas tres alternativas antes de que pueda imponer y cobrar la deficiencia bajo la sección 57(*b*)." (71 D.P.R. a la pág. 196.) Esto es muy distinto a lo que afirma el peticionario. Lo que dijimos en dicho caso fué que una de las alternativas cuyo resultado el Tesorero debe esperar antes de que pueda imponer y cobrar la deficiencia bajo la sec. 57(*b*) era la de que el contribuyente solicite la reconsideración, y el Tesorero por decisión administrativa confirme la deficiencia después de una vista. Esto era así porque de acuerdo con la sec. 57(*a*) en vigor entonces facultaba al Tesorero para conceder a su discreción una vista cuando el contribuyente solicitaba la reconsideración de la deficiencia notificádale, y si la concedía, entonces debía esperar su decisión administrativa antes de proceder a la imposición y cobro de dicha deficiencia.

Aquí, el Tesorero no concedió la vista administrativa y por el contrario procedió a notificar al contribuyente, en la forma provista por ley, su determinación final. A tenor con los preceptos legales citados precedentemente el Tribunal Superior tenía jurisdicción para entender en el caso y revisar, oyendo y considerando la prueba de las partes, las deficiencias impugnadas por el contribuyente.

En vista de lo expuesto anteriormente, *se anula el auto de certiorari, y se ordena la devolución al Tribunal Superior de los autos originales para ulteriores procedimientos.*

El Juez Asociado Sr. Saldaña no intervino.